TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00047-CR


NO. 03-97-00048-CR







Mycal Antoine Poole, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NOS. 96-500-K368 & 96-501-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 Mycal Antoine Poole appeals from a jury conviction of four counts of indecency with a
child and six counts of aggravated sexual assault of a child. See Tex. Penal Code Ann. §§ 21.11(a)(1),
22.021 (West 1994 & Supp. 1998). Although he was charged in two separate indictments for separate
acts committed against two young girls, Poole elected to have the two tried together in one trial. After
finding him guilty of all the charged offenses, the jury assessed punishment at twenty years' imprisonment
for the indecency offenses and sixty years' imprisonment for the sexual assaults, with the sentences to run
concurrently. Poole presents eleven points of error on appeal and requests that his convictions be reversed
and the cases remanded for a new trial. We will affirm the convictions.


BACKGROUND There are two victims. R.P. is Poole's daughter; she testified she was ten years old when
the abuse began. M.P. is Poole's stepdaughter; she testified she was twelve or thirteen when he first
abused her. Janette Poole is the mother of both girls and the wife of appellant. 

 R.P and M.P. testified that Poole repeatedly engaged in several types of sexual contact with
them between 1991 and 1995. M.P. was the first to tell her mother of these offenses. The day after Poole
allegedly committed the first sexual offense against M.P., Janette picked up both girls from school. During
the ride home, M.P. began to cry and told Janette about what appellant had done to her. R.P. admitted
that her father had engaged in similar acts with her. Janette immediately confronted Poole with the
allegations. Poole denied the allegations at first, but later admitted to Janette he had committed the acts
but assured her it would never happen again. M.P. and R.P. testified that the abuse nevertheless continued. 
R.P. estimated she was sexually assaulted over 750 times by her father during this four-year period.

 The girls eventually told two aunts, Sabrina Poole and Deborah Tucker, of the offenses. 
Both aunts testified at trial. Dr. Nauert, a medical expert for the State, testified that the results of her
physical examination of R.P. were not "normal" and indicated that R.P. had experienced "hundreds" of
instances of sexual intercourse. The results of Dr. Nauert's examination of M.P. were normal, but not
necessarily inconsistent with the allegations. Dr. Nauert also testified about what M.P. and R.P. had told
her about the sexual offenses during their examinations. 

 Both indictments charged Poole with committing the offenses of indecency and aggravated
sexual assault "on or about" September 1, 1993. The jury found him guilty on every count. Poole appeals
his convictions in eleven points of error. 


DISCUSSIONExtraneous Offenses 

 Poole first complains that the trial court erred in admitting evidence of his extraneous sexual
misconduct against R.P. and M.P. Although he concedes that the evidence was relevant under article
38.37 of the Texas Code of Criminal Procedure, appellant contends the court failed to conduct a proper
analysis to determine whether such evidence was unfairly prejudicial. Article 38.37 provides: 


Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence

of other crimes, wrongs, or acts committed by the defendant against the child who is the
victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
(1) the state of mind of the defendant and child; and (2) the previous and subsequent
relationship between the defendant and the child.



Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 1998). However, Rule 403 provides that even
relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403. A Rule 403 analysis is still required even when the evidence is relevant
under article 38.37. See Ernst v. State, No. 3-97-109-CR, slip. op. at 5 (Tex. App.--Austin, June 11,
1998, no pet. h.). Poole claims that any testimony regarding the numerous instances of sexual misconduct
with his daughters is outweighed by the danger of unfair prejudice and that it should not have been admitted. 

 The first time testimony regarding these acts was elicited at trial, appellant made a timely
Rule 403 objection which the court overruled. See Tex. R. App. P. 33.1; Tex. R. Evid. 103(a). When
a defendant makes a Rule 403 objection, the court has a non-discretionary obligation to weigh the
probative value of the evidence against the unfair prejudice of its admission. Montgomery v. State, 810
S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). In overruling such an objection, the court is
assumed to have applied a Rule 403 balancing test and determined the evidence was admissible. See Yates
v. State, 941 S.W.2d 357, 367 (Tex. App.--Waco 1997, pet. ref'd); Caballero v. State, 919 S.W.2d
919, 922 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd). Rule 403 does not require that the
balancing test be performed on the record. Yates, 941 S.W.2d at 367. Because Poole objected on
specific grounds and the trial court overruled the objection, we assume that the trial court applied Rule 403
and determined that the probative value of the evidence was not substantially outweighed by any danger
of unfair prejudice. See id.

 Poole contends that even if the court did conduct a Rule 403 analysis, it abused its
discretion by admitting highly inflammatory evidence. We disagree. The trial court is given wide latitude
to admit or exclude evidence of extraneous offenses. See Montgomery, 810 S.W.2d at 390. We will not
reverse a trial court's ruling if it is within the "zone of reasonable disagreement." Id. at 391. In balancing
probative value and unfair prejudice under Rule 403, an appellate court presumes that the probative value
will outweigh any prejudicial effect. Montgomery, 810 S.W.2d at 389; Blakeney v. State, 911 S.W.2d
508, 515 (Tex. App.--Austin 1995, no pet.) It is therefore the objecting party's burden to show that the
probative value is substantially outweighed by the danger of unfair prejudice.

 Recently in Ernst v. State, we held that in a similar action where a defendant was charged
with indecency with a child, any prejudice resulting from that child's testimony regarding her father's
extraneous sexual offenses was not significant enough to outweigh its probative force in showing his state
of mind and the nature of their relationship--two purposes for which article 38.37 allows such evidence. 
See Ernst, slip. op. at 6. At trial, Poole only objected to R.P.'s testimony about her father's previous
sexual offenses. This testimony was probative in establishing the states of mind of both R.P. and her father. 
It tended to show that Poole had the necessary intent and ability to commit the offenses and to show that
both daughters were compelled to acquiesce. R.P.'s testimony was also a significant indicator of the nature
of the relationship between the two before and after the incident. The evidence of extraneous sexual
conduct explains how "a person in a position of authority, custody, or care of a young child has developed
an unnatural attitude and relationship toward that child to explain the charged act--an act that would
otherwise seem wholly illogical and implausible to the average juror." See Ernst, slip op. at 4 (citing
Cathleen Herasimchuk, Article 38.37: Using Extraneous Acts as Evidence in Child Victim Cases,
Texas Prosecutor Special Issue 1995, at 14-16 (quoting Johns v. State, 236 S.W.2d 820, 823 (Tex.
Crim. App. 1951))). 

 Our conclusion that the evidence was properly admitted is further supported by Boutwell
v. State, in which the court of criminal appeals held that in prosecutions for sex offenses against children,
"extraneous acts between the complainant and the defendant are usually more probative than prejudicial." 
719 S.W.2d 164, 178 (Tex. Crim. App. 1985). Because the evidence was probative in showing Poole's
and R.P.'s states of mind and established the nature of their relationship, the trial court's decision to admit
the evidence was within the "zone of reasonable disagreement." See Montgomery, 810 S.W.2d at 391. 
We hold that the trial court did not abuse its discretion. 

 Any error nevertheless would have been made harmless when evidence of the same acts
was admitted later at trial without objection by appellant through the testimony of Dr. Nauert and the girls'
two aunts. See Woolls v. State, 665 S.W.2d 455, 470 (Tex. Crim. App. 1983), cert. denied, 468 U.S.
1220 (1984) (holding no reversible error in admission of testimony relating to extraneous offense where
evidence of same acts properly admitted elsewhere at trial). Furthermore, any possible error was made
harmless when Poole voluntarily raised the issue of extraneous acts in his defense by denying he had ever
molested his daughters and claiming that he had not been accused of abuse until the fall of 1995. See
Siqueiros v. State, 685 S.W.2d 68, 71 (Tex. Crim App. 1985) (error from improperly admitting evidence
of defendant's extraneous offenses cured when defendant's subsequent testimony raised issue of his
identity). We overrule appellant's first point of error.


Outcry Statements 

 Appellant claims in point of error number two that the trial court erred in admitting M.P.'s
outcry statement. Janette testified that M.P. was crying when she picked up her daughters from school,
that she asked M.P. what was wrong, and that M.P. told her Poole had sexually molested her the night
before. After this testimony had been elicited and as Janette proceeded to testify to other events not
relevant here, Poole objected to the outcry testimony because he had not been given notice of the State's
intent to use the statement. Article 38.072 provides an exception to the hearsay rule by allowing evidence
of an "outcry statement" by a child complainant twelve years old or younger. See Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a) (West Supp. 1998). However, the State is required to give notice of its intention
to offer the statement "on or before the 14th day before the date the proceeding begins." Id. § 2(b)(1)(A). 

 Before deciding the merits of this claim, we must first determine if the error in the admission
of the testimony was properly preserved. Error is not preserved for our review unless a proper objection
was made at the first opportunity when the grounds of the objection became apparent. Lagrone v. State,
942 S.W.2d 602, 619 (Tex. Crim. App.), cert. denied, 118 S. Ct. 305 (1997); see also Tex. R. Evid.
103(a)(1). If a question calls for an objectionable response, defense counsel should object before the
witness responds. Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, 115 U.S.
832 (1995); Jenkins v. State, 948 S.W.2d 769, 777 (Tex. App.--San Antonio 1997, pet. ref'd). The
instant the State asked Janette if "something unusual happen[ed] one afternoon after they were picked up
from school" and what that event was, Poole had sufficient notice that the answer could be objectionable. 
Certainly by the time Janette testified that M.P. said her father had "touched" her, appellant should have
objected; at the very least, Poole had sufficient notice to object by the end of Janette's testimony. Though
the State is mistaken in its assertion that "four or five other questions" had been asked since the testimony
had been elicited, we agree that the objection was untimely. By the time defense counsel made his
objection, Janette had finished relating the matter and had proceeded to testify about events not relevant
here. This point of error was not properly preserved for review.

 Even if appellant had made a timely objection, the preserved error would nevertheless have
been harmless. Admission of inadmissible evidence is harmless error if other evidence that proves the same
fact that the inadmissible evidence sought to prove is admitted without objection at trial. Willis v. State,
785 S.W.2d 378, 383 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 908 (1990); Mack v. State, 918
S.W.2d 219, 221 (Tex. App.--Austin 1996, no pet.). R.P. and M.P. each testified without objection
before and after their mother's testimony about the same statements to which Janette testified. Any error
in admitting Janette's testimony would have been cured by the admission of substantially the same testimony
by R.P. and M.P. See id. Because appellant failed to preserve error with a timely objection, and since
any error nevertheless would have been harmless, we overrule point of error number two.


Jury Charge Error 

 In points of error three and four, Poole contends the trial court erred in failing to include
an instruction in the jury charge directing the jury not to consider extraneous offenses unless it first
determined the existence of those offenses beyond a reasonable doubt. He complains this instruction was
omitted at both the guilt-innocence phase and the punishment phase. 

 The law is settled that upon request, the court must instruct the jury at the guilt-innocence
phase of trial not to consider evidence of extraneous offenses unless the jury believes beyond a reasonable
doubt that the defendant committed those acts. George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App.
1994); Yates, 917 S.W.2d at 922. In Mitchell v. State, the court of criminal appeals expanded this
requirement, holding that a reasonable-doubt instruction also must be included in the jury charge when
requested at the punishment phase of the trial. 931 S.W.2d 950, 954 (Tex. Crim. App. 1996); see also
Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 82, 1995 Tex. Gen. Laws 2517, 2583 (amended 1997)
(current version at Tex. Code Crim. Proc. Ann. § 37.07(3)(a) (West Supp. 1998)). In the case at bar,
appellant never requested this instruction nor objected to its omission in either charge. He nevertheless
contends that the trial court had a duty to give this instruction in both charges sua sponte, without an
objection or request. 

 Previously we have held that, absent a defendant's request, there is no error when a trial
court fails to give an instruction requiring the jury to find beyond a reasonable doubt that the defendant
committed the extraneous offenses before considering evidence of those offenses. See Smith v. State, 899
S.W.2d 31, 35 (Tex. App.--Austin 1995, pet. ref'd) (holding no error where instruction omitted at
punishment phase). However, in Smith we nevertheless presumed error and followed the test set out in
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), to determine whether
the absence of the instruction was so egregiously harmful that the appellant had been denied a fair and
impartial trial. Id. In two recent holdings by the San Antonio Court of Appeals, the court held that a trial
court errs if it fails to instruct the jury, at the guilt-innocence or punishment phases, not to consider evidence
of extraneous offenses unless they are convinced of those acts beyond a reasonable doubt, whether or not
counsel requests such an instruction. See Fields v. State, No. 4-97-68-CR, slip. op. at 12 (Tex.
App.--San Antonio, March 25, 1998, pet. filed); Huizar v. State, No. 4-96-837-CR, slip. op. at 12
(Tex. App.--San Antonio, March 18, 1998, pet. filed). Because the courts of appeals of this state are in
conflict and the Texas Court of Criminal Appeals has not resolved this issue, we will follow our decision
in Smith and presume the failure to give this instruction to the jury was error in both phases of trial. 

 We must then decide whether sufficient harm resulted from the error in the charge to require
a reversal. Normally, errors in the charge are reviewed using the standard set out in Almanza, 686 S.W.2d
at 171. Poole, however, argues that this error involves a constitutional right and requires a Rule 44.2(a)
harmless-error analysis. See Tex. R. App. P. 44.2(a). (1) He again cites us to Fields and Huizar where in
a similar situation the court applied the harmful-error analysis set out in Rule 44.2(a). See Fields, slip. op.
at 12; Huizar, slip. op. at 12. In Huizar the court explained that Reyes v. State made it clear the Almanza
standard did not apply because the reasonable-doubt instruction is both a state and constitutional right. See
Huizar, slip op. at 12 (citing Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996) (holding that
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991), created "an absolute systemic requirement"
that the jury be instructed on reasonable-doubt standard)). Reyes and Geesa, however, involved the
reasonable doubt instruction necessary to convict a defendant of the primary alleged offense--not an
instruction telling the jury under what circumstances evidence of extraneous offenses could be considered
for their limited purpose. See Reyes, 938 S.W.2d at 721; Geesa, 820 S.W.2d at 162. Since Poole
complains about the reasonable-doubt instruction concerning evidence of extraneous offenses, and not the
instruction on the burden of proof necessary to convict him of the charged offenses, Reyes and Geesa are
inapplicable. 

 Our conclusion that the Almanza standard applies is supported by previous decisions in
similar cases. As Justice Duncan observed in her dissenting opinion in Huizar, no court until then had ever
held that a court's failure to instruct a jury on the burden of proof required before considering extraneous
offenses was a constitutional error subject to Rule 44.2(a) analysis. Huizar, slip. op. at 1 (Duncan, J.,
dissenting). Every case we have found addressing such an error has applied the standard set out in
Almanza. See Mitchell, 931 S.W.2d at 954 (holding trial court erred in refusing appellant's request for
instruction on burden of proof for extraneous-offense evidence admitted during punishment phase and
remanding to court of appeals to conduct Almanza harm analysis); Cormier v. State, 955 S.W.2d 161,
164 (Tex. App.--Austin 1997, no pet.) (applying Almanza "egregious harm" standard to failure to define
"reasonable doubt" in instruction on burden of proof for extraneous offense evidence admitted during
punishment phase); Splawn v. State, 949 S.W.2d 867, 874 (Tex. App.--Dallas 1997, no pet.) (applying
Almanza "egregious harm" standard to failure to define reasonable-doubt standard for considering
extraneous offenses); Yates, 917 S.W.2d at 923 (assuming, without deciding, that failure to give instruction
was error and applying Almanza "egregious harm" standard); Escovedo v. State, 902 S.W.2d 109, 114
(Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) (holding trial court erred in refusing defendant's
requested instruction and applying Almanza standard); Smith, 899 S.W.2d at 35 (assuming, without
deciding, that failure to give instruction was error and applying Almanza standard). We decline to adopt
the rationale in Huizar and hold that the proper harm analysis to apply here, if this was error, is the
Almanza standard.

 Under Almanza, an appellant who complains of an error in the charge for the first time on
appeal must demonstrate that the error was so egregiously harmful that he was denied a fair and impartial
trial. Almanza, 686 S.W.2d at 171. This requires a showing of actual, not just theoretical harm. Id. at
174. To determine whether Poole has met this standard, we review the entire charge, counsels' arguments,
the evidence, and any other matter relevant to assessing harm. Id. at 172. 

 We first consider whether Poole suffered egregious harm from any error in the guilt-innocence charge. We note that the State introduced extensive evidence of his sexual offenses. Although
there was a large amount of evidence of many similar offenses, Poole was indicted and convicted for only
ten specific counts. Because the indictment charged him with committing the offenses "on or about the first
day of September, 1993," evidence of some acts committed before that specific date was properly
admitted to prove the charged offenses. See Sledge v. State, 953 S.W.2d 253, 255-257 (Tex. Crim.
App. 1997) (holding "on or about" language of indictment allows state to prove date other than the one
specifically alleged as long as date is anterior to presentment of indictment, within statutory limitation period,
and offenses presented to grand jury are no different from those proven at trial). Though evidence of
additional offenses was presented at trial, essentially the same testimony and evidence served to prove the
offenses appellant was charged with and the extraneous offenses. Since the jury found the testimony of the
State's many witnesses--including the victims, their mother, their aunts, and the examining doctor--to be
sufficient to prove Poole's guilt beyond a reasonable doubt, it is likely the jury would have found beyond
a reasonable doubt that he also committed the other offenses, had it been instructed to do so. The evidence
of the offenses charged, independent of any evidence of extraneous acts, strongly support the jury's finding. 


 Apart from the state of the evidence, we also consider the arguments of counsel when
determining whether there was egregious harm. Here defense counsel used the large number of alleged
extraneous acts to support his theory that R.P. and M.P. were exaggerating or lying. He invited the jury
to consider them. The normal purpose of an instruction telling the jury of the burden of proof for extraneous
offenses is to keep the jurors from considering such allegations in coming to a decision unless they are
convinced of those acts beyond a reasonable doubt. Here it is significant that, rather than attempting to
minimize the effect of the alleged extraneous acts on the jury's decision, defense counsel referred to them
in support of his closing argument and invited the jury to consider the credibility of the allegations on several
occasions. Thus, we hold that the error, if any, in not giving this instruction at the guilt-innocence phase of
the trial was not egregiously harmful and that Poole was not denied a fair and impartial trial. 

 We are also convinced that there was no egregious harm at the punishment phase. After
the guilt-innocence phase, the State rested without presenting any further testimony during the punishment
phase. Appellant, on the other hand, presented several witnesses in his defense. Although he faced a
possibility of life imprisonment, Poole received a sixty-year sentence. Poole fails to demonstrate how he
was egregiously harmed from any error in the charge, and our examination of the record does not convince
us he suffered such harm. We hold that appellant has not met his burden of demonstrating that the absence
of this instruction in the punishment phase, if error, was so egregiously harmful that he was denied a fair and
impartial trial. See Almanza, 686 S.W.2d at 171. We overrule points of error three and four.


Ineffective Assistance of Counsel 

 Next we address Poole's complaint that he was denied the constitutionally guaranteed right
to effective assistance of counsel because defense counsel failed to request a reasonable-doubt instruction
for extraneous offenses at both the guilt-innocence and punishment phases of the trial. See U.S. Const.
amend. VI & XIV; Tex. Const. art. I, § 10. He argues that this failure was completely unreasonable and
prejudiced his defense.


A. Guilt-Innocence Phase


 We first address his complaint with respect to the guilt-innocence phase of trial. In
evaluating an ineffective-assistance complaint regarding counsel's failure to request the instruction at the
guilt-innocence phase, we apply the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). 
This standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under
both the federal and state constitutions. Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986);
Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 1091 (1989). 
In order to be entitled to relief, a criminal defendant must show that (1) counsel's acts or omissions at trial
fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the
defense and deprived the defendant of a fair trial, i.e., that there is a reasonable probability that the result
of the proceedings would have been different, but for counsel's unprofessional errors. See Strickland, 466
U.S. at 694; Hernandez, 726 S.W.2d at 55. A reasonable probability is a probability sufficient to
undermine our confidence in the outcome. See Strickland, 466 U.S. at 694. The adequacy of an
attorney's performance must be gauged by the totality of the representation afforded the accused, not by
isolated incidents of error. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert.
denied, 117 S. Ct. 966 (1997). 

 An isolated failure to object to certain procedural mistakes or improper evidence does not
necessarily constitute ineffective assistance of counsel. See Ingham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984); Wilson v. State, 730 S.W.2d 438, 444 (Tex. App.--Fort Worth 1987, pet. ref'd). 
Trial counsel is not necessarily deficient for failing to request a limiting instruction regarding extraneous
offenses. See Johnson v. State, 629 S.W.2d 731, 736 (Tex. Crim. App. 1981) (failing to object to
omission of instruction on extraneous offenses did not deny defendant reasonably effective assistance of
counsel). We also presume that the errors complained of are supported by trial strategy unless they cannot
be attributed to any reasonable trial plan. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Abbot v. State, 726 S.W.2d 644, 649 (Tex. App.--Amarillo 1987, pet. ref'd) (failure to request
limiting instruction on extraneous offenses not ineffective assistance and may have been made for a strategic
reason, e.g., to prevent drawing further attention to allegations).

 In the present case, the record reveals that counsel properly and thoroughly examined
witnesses, raised objections to the admission of testimony and other evidence, and ardently argued on
appellant's behalf. Counsel impeached R.P. with previous instances where she had lied; he also argued
plausible motives both girls may have had for fabricating the allegations. After his objections to evidence
of the extraneous acts were overruled, Poole's counsel did what he could to minimize the prejudicial effect
of the testimony. He used the girls' estimate of the extremely large number of sexual assaults to question
their credibility. It is conceivable that counsel did not pursue a reasonable-doubt instruction on the
extraneous offenses because it would appear that he was giving the accusations more credibility than they
deserved. See Ryan v. State, 937 S.W.2d 93, 104 (Tex. App.--Beaumont 1996, pet. ref'd). It is not
necessary, however, for us to speculate about the soundness of the many possible trial strategies counsel
may have been using. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). Since the
record does not reflect counsel's reason for not requesting the instruction, we find no basis for concluding
he did not exercise reasonable professional judgment. See Jackson, 877 S.W.2d at 771 (holding appellate
court cannot conclude based on speculation that counsel was ineffective when record is silent about why
counsel made decisions). Though in hindsight counsel should have requested an instruction on reasonable
doubt, we are not convinced that counsel's failure to do so rose to the level of ineffective assistance. 
Appellant has the burden of proving ineffective assistance of counsel by preponderance of the evidence. 
See id. After reviewing counsel's overall representation, we hold that Poole's representation did not fall
below objective standards of reasonability and that appellant was not denied a fair trial at the guilt-innocence phase.


B. Punishment Phase


 We now address Poole's ineffective assistance complaint with respect to the punishment
phase of trial. Poole argues that counsel's representation at this phase did not meet the Strickland
standard for effective assistance of counsel. See Strickland, 466 U.S. at 687. However, the Strickland
standard is not the correct test for the determination of the effectiveness of counsel at the punishment phase
of a non-capital trial. See Valencia v. State, 946 S.W.2d 81, 84 (Tex. Crim. App. 1997). The proper
standard is that expressed in Ex parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). See id. 
During the punishment phase of trial, criminal defendants are entitled to counsel "reasonably likely to render
and rendering reasonably effective assistance." See id. 

 Failure to request an instruction on the burden of proof required for consideration of
extraneous offenses during the punishment phase of trial is not necessarily ineffective assistance of counsel. 
See Huizar, slip op. at 6; Yates, 917 S.W.2d at 924; Blevins v. State, 884 S.W.2d 219, 230 (Tex.
App.--Beaumont 1994, no pet.); Wilson, 730 S.W.2d at 438; Abbot, 726 S.W.2d at 649. When
evaluating trial counsel's representation under the standard applicable only to the punishment phase of trial,
it is still necessary to examine the totality of counsel's representation of the client. See Ex parte Cruz,
739 S.W.2d 53, 58 (Tex. Crim. App. 1987). A review of the totality of the representation under Duffy
necessarily includes consideration of appellant's representation during the punishment phase and the guilt-innocence phase of trial. See Ex parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). As we
have just held, appellant's representation during the guilt-innocence phase was not ineffective. After
reviewing the record, we reach the same conclusion regarding the punishment phase of the trial. 

 While the State presented no new evidence during the punishment phase, defense counsel
put on seven character witnesses in Poole's defense. Throughout both phases of trial, counsel thoroughly
examined witnesses, objected to evidence, and argued on appellant's behalf. It is conceivable that counsel
did not want to underscore the extraneous offense testimony offered in the guilt-innocence phase by
requesting an instruction on that testimony during the punishment phase. See Ryan, 937 S.W.2d at 104
(holding no ineffective assistance when counsel may have not requested instruction in order not to draw
further attention to extraneous offenses). Whatever counsel's reason, if any, for not requesting the
instruction, the fact that counsel made mistakes or that other counsel might have tried the case differently
does not show ineffective representation. See Ingham, 679 S.W.2d at 509. We have carefully reviewed
the record before us and hold that counsel's efforts--while not free from error--were sufficient to
constitute reasonably effective assistance in both phases of the trial. We overrule points of error five and
six.


Jury Misconduct 

 In point of error seven, Poole complains that his right to a fair trial was violated by the
jury's improper consideration of the effect of "good conduct time" and parole eligibility in determining the
length of his sentence. He contends that such factors are irrelevant to his moral culpability and that
consideration of them violated the jury's oath to follow the law. 

 In accordance with the pattern jury charge set out in section 4(a) of article 37.07, the jury
was instructed about the law of "good conduct time" and parole eligibility. See Tex. Code Crim. Proc.
Ann. art. 37.07, § 4(a) (West Supp. 1998). Section 4(a) provides in part: 


You may consider the existence of the parole law and good conduct time. However, you
are not to consider the extent to which good conduct time may be afforded to or forfeited
by this particular defendant. You are not to consider the manner in which the parole law
may be applied to this particular defendant.


Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a). The jury charge followed the provision exactly. During
its deliberations the jury sent a note to the court asking if there was "a distinction between a life sentence
and a 60 year sentence so far as the law is concerned." The court responded that it was not able to answer
the question and referred the jury to the written charge. 

 To show that a jury's discussion of the parole law constitutes reversible error, it must be
shown that there was (1) a misstatement of law (2) asserted as fact (3) by someone professing to know
the law (4) which is relied on by other jurors (5) who for that reason changed their vote to a harsher
punishment. Sneed v. State, 670 S.W.2d 262, 266 (Tex. Crim. App. 1984). Appellant has not satisfied
any of these five requirements. Poole never mentions how the law was misstated by someone professing
to know the law. He also fails to show that any juror voted for a harsher punishment after relying on such
a statement. The note Poole refers to is an insufficient basis to infer that the jury agreed on a harsher
judgment after relying on a misstatement of the law. The record before us only shows that the jury asked
a question that resulted in a proper response by the court in declining to answer it. The jury was then
instructed to refer to the jury charge that told them not to consider how parole would affect Poole in
particular. There is no evidence that the jury disobeyed those instructions. In fact, the jury voted for the
lesser of two sentences by giving Poole sixty years' imprisonment rather than a life sentence. We therefore
overrule point of error seven.


Prosecution Misconduct 

 Next we decide whether the prosecution committed misconduct during final argument by
(1) asking the jury to convict Poole in order to deter other persons from exercising their right to trial, (2)
informing the jury of the effect of parole upon Poole's sentence, and (3) discussing the community's
expectation of a maximum sentence. Poole claims these arguments exceeded what is allowable by law in
closing argument and that he was harmed by this misconduct. 

 There are four general areas of proper jury argument: (1) pleas for law enforcement, (2)
summations of the evidence, (3) reasonable deductions from the evidence, and (4) responses to arguments
from opposing counsel. Cook v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), cert. denied, 509
U.S. 927 (1993). An improper argument constitutes reversible error when, in light of the record as a
whole, it is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to
the accused into the trial proceedings. Bourjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). 
Whether or not there is reversible error depends upon an evaluation of the argument in light of the entire
record and the probable impact the statements may have had upon the minds of the jurors. Hernandez
v. State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), cert. denied, 504 U.S. 974 (1992). An
instruction to the jury to disregard an improper jury argument is generally sufficient to cure error. Dinkins,
894 S.W.2d at 357; McGee v. State, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989).

 Appellant first contends that the prosecution asked the jury to convict him for exercising
his right to trial and to dissuade other defendants from exercising their right to trial. Though the trial court
sustained defense counsel's objection and instructed the jury to disregard these statements, Poole says this
argument was "so manifestly improper as to resist an instruction to disregard." He claims that the State
deliberately calculated this argument to deny him a fair and impartial trial. Poole cites us to Wages v. State
in which the court held that it was error for the State to ask the jury to punish the defendant for exercising
his right to trial. 703 S.W.2d 736, 741 (Tex. App.--Houston [14th Dist.] 1985, pet. dism'd). However,
that court nevertheless affirmed the defendant's conviction after it held that the court's instructions to
disregard the argument cured any error. Id. After reviewing the record, we come to the same conclusion
here. Our examination of the record fails to demonstrate that these comments were so inflammatory that
any prejudicial effects were not cured by the judge's instructions to disregard the improper argument. We
overrule point of error eight.

 Poole argues next that the State encouraged the jury to assess his punishment in accordance
with the community's expectation of a maximum sentence. He contends this argument is automatic
reversible error and cites Cortez v. State where the court held that a prosecutor's attempt through
argument to induce the jury into assessing a particular punishment in order to meet the demands and
expectations of the surrounding community was "manifestly improper, harmful, and prejudicial." 683
S.W.2d 419, 420-21 (Tex. Crim. App. 1984). 

 The circumstances in the present case are distinguishable from those in Cortez. In Cortez,
the prosecution told the jury that "the only punishment that you can assess that would be any satisfaction
at all to the people of this county would be life [imprisonment]." See id. By calling on them to assess a
specific punishment in order to placate the demands of the community, the prosecutor encouraged the jury
to base its decision on the outside influences of the community. Id. The prosecutor here encouraged the
jury to scrutinize all the evidence and arguments--not public sentiment--in order to come to a just
conclusion. The prosecutor told the jury to ask themselves, "What fact is [appellant] telling me that
influences me to give a sentence less than maximum?" The prosecutor said this was an important question
because people would later ask about the case, and each juror would have to be able to justify the sentence
the jury had imposed. Challenging jurors to come to an honest assessment that they can defend based on
the evidence is not an encouragement to automatically impose the maximum punishment to satisfy the
demands of the public. We hold that this was not improper argument, and we overrule appellant's ninth
point of error.

 Finally, Poole argues that the State improperly urged the jury to consider in the punishment
phase how parole would affect the amount of time he would serve. Before a criminal defendant will be
permitted to complain on appeal about an erroneous jury argument, he must demonstrate that he objected
and pursued his objection to an adverse ruling. See Valencia, 946 S.W.2d at 82 (citing Marin v. State,
851 S.W.2d 275 (Tex. Crim. App. 1993)). Here appellant failed to object to these statements during
argument; therefore no error is preserved for our review. See id. We overrule point of error ten.



Impeachment on Collateral Matters 

 In his last point of error, Poole contends that the trial court erred in admitting rebuttal
testimony by Joyce Tucker about collateral acts of extraneous misconduct Poole allegedly committed
against her. He claims that the State improperly impeached him on this collateral matter after
"maneuvering" him into discussing the subject.

 In general, witnesses may not be impeached regarding collateral matters. Ramirez v.
State, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). A collateral matter is one not relevant to proving
a material issue in the case. See id. We agree with Poole that his alleged sexual acts with Tucker have little
relevance to whether or not Poole sexually molested these victims. However, when a witness voluntarily
gives misleading testimony resulting in a false impression about a collateral matter, the witness may be
impeached on that matter in order to correct the false impression. See Ramirez, 802 S.W.2d at 676;
Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). This can only be done when a witness
has voluntarily testified to the collateral matter. Lopez v. State, 928 S.W.2d 528, 531 (Tex. Crim. App.
1996). A party cannot seek to impeach a witness by soliciting a misleading response to a collateral matter
on cross-examination. Id.

 Appellant claims that the situation at bar involves facts comparable to those in Lopez. In
Lopez the defendant was questioned on cross-examination about drug use and behavioral changes among
his group of friends. After admitting on cross-examination that he had used drugs but had not undergone
sharp mood swings, the State questioned the defendant over his counsel's objection about a certain incident
which tended to contradict his testimony. See Lopez, 928 S.W.2d at 531-32. The court of criminal
appeals held that this was improper impeachment on a collateral matter because the State had prompted
him to testify on the collateral matter. Id.

 A review of the facts in the case at hand reveals a situation quite different from that in
Lopez. We agree with the trial court's decision to overrule Poole's objection because he "opened the
door" to the issue of his marital fidelity by asserting during direct examination that he had not had any affairs
until after his wife's accusations in 1991. Unlike the situation in Lopez where the prosecution solicited the
misleading testimony on cross-examination, Poole "opened the door" by voluntarily raising the issue on
direct examination. Therefore, the State was permitted to impeach him in order to correct the false
impression that he had been faithful at all times before 1991. See Lopez, 928 S.W.2d at 531. We overrule
Poole's final point of error.


CONCLUSION

 Having overruled each of appellant's eleven points of error, we affirm the trial court's
judgments.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed on Both Causes

Filed: July 30, 1998

Publish
1. Rule 44.2(a) provides: "If the appellate record in a criminal case reveals constitutional error that is
subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment
unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction
or punishment." Tex. R. App. P. 44.2.



.2d 275 (Tex. Crim. App. 1993)). Here appellant failed to object to these statements during
argument; therefore no error is preserved for our review. See id. We overrule point of error ten.



Impeachment on Collateral Matters 

 In his last point of error, Poole contends that the trial court erred in admitting rebuttal
testimony by Joyce Tucker about collateral acts of extraneous misconduct Poole allegedly committed
against her. He claims that the State improperly impeached him on this collateral matter after
"maneuvering" him into discussing the subject.

 In general, witnesses may not be impeached regarding collateral matters. Ramirez v.
State, 802 S.W.2d 674, 675 (Tex. Crim. App. 1990). A collateral matter is one not relevant to proving
a material issue in the case. See id. We agree with Poole that his alleged sexual acts with Tucker have little
relevance to whether or not Poole sexually molested these victims. However, when a witness voluntarily
gives misleading testimony resulting in a false impression about a collateral matter, the witness may be
impeached on that matter in order to correct the false impression. See Ramirez, 802 S.W.2d at 676;
Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986). This can only be done when a witness
has voluntarily testified to the collateral matter. Lopez v. State, 928 S.W.2d 528, 531 (Tex. Crim. App.
1996). A party cannot seek to impeach a witness by soliciting a misleading response to a collateral matter
on cross-examination. Id.

 Appellant claims that the situation at bar involves facts comparable to those in Lopez. In
Lopez the defendant was questioned on cross-examination about drug use and behavioral changes among
his group of friends. After admitting on cross-examination that he had used drugs but had not undergone
sharp mood swings, the State questioned the defendant over his counsel's objection about a certain incident
which tended to contradict his testimony. See Lopez, 928 S.W.2d at 531-32. The court of criminal
appeals held that this was imp