# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00300-CR

**Godolfredo Salazar, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 02-857-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Godolfredo Salazar of three counts of aggravated sexual assault of a child and one count of indecency with a child. In one issue, appellant argues that the trial court erred in allowing several photographs into evidence. We affirm the trial court's judgment.

Appellant was accused and convicted of sexually assaulting B.A., his girlfriend's nine-year-old child. B.A.'s teacher, the State's outcry witness, testified about B.A.'s outcry and her description of the assaults, and B.A. testified herself, describing where and when appellant had assaulted her and how he restrained her during the assaults. Dr. Rachel Stover testified that she examined B.A. and observed that B.A. did not have a hymen and that her vaginal opening was "about double the upper limits of normal for her age and development, suggesting that it had been penetrated." Stover also observed abnormal vaginal discharge and treated B.A. for a vaginal infection. Stover's observations, combined with B.A.'s extreme fearfulness and the fact that B.A.

said that it hurt when she urinated, led Stover to conclude that B.A. had been sexually abused. To help illustrate her testimony, Stover brought three photographs from a medical article. Stover testified that none of the photographs was of B.A. and she did not know the age of the subjects or whether they were pre- or post-pubescent. One photograph showed a vaginal area in which the hymen tissue was missing, which Stover testified is highly suggestive of repeated penetration, and the other two showed it intact. When the State offered the exhibit into evidence, appellant objected that the photographs should be excluded under rules 402 and 403 of the rules of evidence. *See* Tex. R. Evid. 402, 403. The trial court overruled the objection and admitted the photographic exhibit into evidence.

A trial court's ruling on the admissibility of evidence will be upheld unless we find an abuse of discretion, that is, that the decision "falls outside the zone of reasonable disagreement." *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996); *see Santellan v. State*, 939 S.W.2d 155, 169, 172 (Tex. Crim. App. 1997). Relevant evidence is admissible unless otherwise barred by constitution, statute, or rule. Tex. R. Evid. 402. Relevant evidence may be excluded if the trial court determines that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Tex. R. Evid. 403; *Santellan*, 939 S.W.2d at 169. If a defendant objects to evidence under rule 403, a trial court must weigh the evidence's probative value against any danger of unfair prejudice or confusing or misleading the jury. *Santellan*, 939 S.W.2d at 169; *see Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd). Relevant evidence is presumed to be more probative than prejudicial, and we will reverse a trial court's rule 403 balancing decision only if we find a clear abuse of discretion. *Santellan*, 939

2

S.W.2d at 169.  Some factors to be considered when weighing probative value against prejudice are the number of exhibits, the level of detail, the size of the photographs, whether they are in color or black and white, whether they are close-ups, and the availability of other proof.  *Id*. at 172. Generally, if testimony describing the subject of a photograph is admissible, the photograph itself is also admissible.  *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *Dusek v. State*, 978 S.W.2d 129, 136 (Tex. App.—Austin 1998, pet. ref'd).

Appellant contends that because the photographs were not of B.A. and no photographs of B.A. were offered as a point of comparison with the photographs, they were not relevant.  Appellant further argues that the photographs were unfairly prejudicial, confusing, or misleading because they were from a textbook and Stover could not testify as to the age of the subjects.

Although Stover believed that the subjects of the photographs were pre-pubescent, that was not the relevant information to be taken from them.  Instead, the relevance was in the depiction of the absence of a hymen due to repeated penetration versus the presence of hymen tissue. Stover testified that one of the main reasons she believed B.A. had been sexually abused was the lack of hymen tissue and then described what she meant by that statement.  We cannot conclude that the trial court abused its discretion in finding that the photographs were relevant to illustrate Stover's testimony.

Having reviewed the record, neither can we hold that it was a clear abuse of discretion to find that the relevance of the photographs was not substantially outweighed by a danger of unfair prejudice or confusion.  Stover's testimony relating to the photographs was not overly long or

graphic. B.A. testified, describing the abuse, as did her teacher, to whom she made an initial outcry. Her mother also testified as to B.A.'s and appellant's behavior during the relevant period of time. Although the photographs are close-ups of three vaginal openings, they are not overly graphic or disturbing. They illustrate Stover's description of hymen tissue that one would expect to see in a child who has not been sexually abused. The trial court did not clearly abuse its discretion in admitting the photographs into evidence. We overrule appellant's sole issue on appeal and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 24, 2004

Do Not Publish