TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00755-CR







Shawn Wesley Allen, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 5402, HONORABLE BEN WOODWARD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Shawn Wesley Allen guilty of aggravated sexual assault of
a child and assessed punishment at eighteen years in prison. See Tex. Penal Code Ann. § 22.021
(West Supp. 2006). In a single point of error, appellant contends the trial court erred by allowing
the State to offer evidence of extraneous acts of misconduct. We will overrule the point of error and
affirm the conviction.

Appellant was found guilty of causing his penis to penetrate the mouth of the
complainant, who was eleven years old. The complainant's first outcry was made to her school
counselor, Rita Pitts, in December 2004. Pitts testified that the complainant told her that this
conduct had been going on for about a year, and that appellant had put his penis in her mouth
approximately fifteen times. The complainant testified to the same effect.

Appellant contends that the trial court erroneously allowed Pitts and the complainant
to testify that appellant touched the complainant's sexual organ with his fingers, an act not alleged
in the indictment. (1) Appellant also urges that the complainant should not have been allowed to
testify that he forced her to hold jugs of water at arm's length for up to an hour, spanked her with a
ping-pong paddle, and made her perform calisthenics and stand in a corner while naked. Finally,
appellant complains of testimony that he would scatter uncooked macaroni on the complainant's
bedroom floor and force her to pick it up while on her hands and knees, again while naked.

In a prosecution for sexual assault of a child, evidence of other crimes, wrongs, or acts
committed by the defendant against the alleged child victim shall be admitted for its bearing on
relevant matters, including the states of mind of and the relationship between the defendant and the
child. Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2006). Nevertheless, appellant
asserts that the probative value of the challenged evidence was substantially outweighed by the
danger of unfair prejudice. See Tex. R. Evid. 403; Poole v. State, 974 S.W.2d 892, 897
(Tex. App.--Austin 1998, pet. ref'd) (holding that rule 403 applies even when evidence is relevant
under article 38.37). Appellant offers no argument or analysis to support this assertion, however.

In prosecutions for sexual offenses against children, extraneous acts between the
complainant and the defendant are usually more probative than prejudicial. Poole, 974 S.W.2d
at 898 (quoting Boutwell v. State, 719 S.W.2d 164, 178 (Tex. Crim. App. 1985)). In this case, the
testimony describing appellant's other sexual acts and his bizarre punishments tended to show that
he had the intent and ability to commit the charged offense and to explain the complainant's
acquiescence to appellant's abuse. See id. A trial court has broad latitude to admit or exclude
evidence of extraneous offenses, and the court's decision to admit the challenged testimony in this
case was within this zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d
372, 390-91 (Tex. Crim. App. 1990) (op. on reh'g).

Finding that no abuse of discretion is shown, we overrule the point of error and affirm
the judgment of conviction.




 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: January 23, 2007

Do Not Publish
1. Appellant objected only to the complainant's testimony