# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00755-CR

**Shawn Wesley Allen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 5402, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Shawn Wesley Allen guilty of aggravated sexual assault of a child and assessed punishment at eighteen years in prison. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2006). In a single point of error, appellant contends the trial court erred by allowing the State to offer evidence of extraneous acts of misconduct. We will overrule the point of error and affirm the conviction.

Appellant was found guilty of causing his penis to penetrate the mouth of the complainant, who was eleven years old. The complainant's first outcry was made to her school counselor, Rita Pitts, in December 2004. Pitts testified that the complainant told her that this conduct had been going on for about a year, and that appellant had put his penis in her mouth approximately fifteen times. The complainant testified to the same effect.

Appellant contends that the trial court erroneously allowed Pitts and the complainant to testify that appellant touched the complainant's sexual organ with his fingers, an act not alleged in the indictment.[1]  Appellant also urges that the complainant should not have been allowed to testify that he forced her to hold jugs of water at arm's length for up to an hour, spanked her with a ping-pong paddle, and made her perform calisthenics and stand in a corner while naked.  Finally, appellant complains of testimony that he would scatter uncooked macaroni on the complainant's bedroom floor and force her to pick it up while on her hands and knees, again while naked.

In a prosecution for sexual assault of a child, evidence of other crimes, wrongs, or acts committed by the defendant against the alleged child victim shall be admitted for its bearing on relevant matters, including the states of mind of and the relationship between the defendant and the child.  Tex. Code Crim. Proc. Ann. art. 38.37 (West Supp. 2006).  Nevertheless, appellant asserts that the probative value of the challenged evidence was substantially outweighed by the danger of unfair prejudice.  *See* Tex. R. Evid. 403; *Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd) (holding that rule 403 applies even when evidence is relevant under article 38.37).  Appellant offers no argument or analysis to support this assertion, however.

In prosecutions for sexual offenses against children, extraneous acts between the complainant and the defendant are usually more probative than prejudicial.  *Poole*, 974 S.W.2d at 898 (quoting *Boutwell v. State*, 719 S.W.2d 164, 178 (Tex. Crim. App. 1985)).  In this case, the testimony describing appellant's other sexual acts and his bizarre punishments tended to show that he had the intent and ability to commit the charged offense and to explain the complainant's

---

[1]  Appellant objected only to the complainant's testimony

acquiescence to appellant's abuse.  *See id*.  A trial court has broad latitude to admit or exclude evidence of extraneous offenses, and the court's decision to admit the challenged testimony in this case was within this zone of reasonable disagreement.  *See Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990) (op. on reh'g).

Finding that no abuse of discretion is shown, we overrule the point of error and affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   January 23, 2007

Do Not Publish

3