Frank SAENZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–01–00283–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 29, 2003.

Anne More Burnham, The Law Offices of Anne Burnham, San Antonio, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by KAREN ANGELINI, Justice.

Frank Saenz appeals the trial court's judgment finding him guilty of aggravated sexual assault. According to Saenz, he received ineffective assistance of counsel, and the submitted jury charge was erroneous. The trial court's judgment is affirmed.

## BACKGROUND

Frank Saenz was charged with six counts of aggravated sexual assault. Trial was before a jury. At the trial, Saenz's two daughters, Yasmine and Stella, testified that, since 1983, Saenz had been sexually assaulting them. Saenz's wife, Rosalinda, testified that she did not believe her husband had sexually assaulted her daughters. And Saenz denied the allegations. Nevertheless, Saenz was found guilty of three counts of the charged offense and was sentenced to fifteen years confinement.[1] Saenz appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ According to Saenz, his trial counsel provided him ineffective assistance at trial. We evaluate a claim of ineffective assistance of counsel according to the two-prong test established by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 726 S.W.2d 53, 55–57 (Tex.Crim.App.1986). To satisfy this test, Saenz must first demonstrate that his attorney's performance was deficient. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). Second, assuming Saenz has demonstrated deficient assistance, he must affirmatively prove prejudice. *Id.* Saenz bears the burden of proving counsel was ineffective by a preponderance of the evidence. *Id.* at 813.

■ The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Id.* Any allegation of ineffectiveness must be firmly founded in the record. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim; absent both showings we cannot conclude that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

According to Saenz, his trial counsel made numerous errors throughout the trial and thus rendered ineffective assistance. First, Saenz maintains his trial counsel was deficient because he lacked a firm command of the law applicable to his case. According to Saenz, this deficiency result-

---

1. After both the State and Saenz closed, the State waived aggravated assault counts three, four, and five.

ed in trial counsel's request to the trial court to submit an erroneous jury instruction.

Although the State initially charged Saenz with six counts of aggravated sexual assault, it waived counts three, four, and five. At the charge conference, Saenz's trial counsel first requested an instruction disallowing the jury to consider any evidence related to the waived counts. The request was denied. Saenz's trial counsel then requested the following instruction:

> You are instructed that the State has elected to waive the charges in Counts III, IV and V of the indictment, that is, the defendant no longer stands accused of those charges. You may still consider the evidence presented regarding those counts to the extent that evidence may be relevant to Counts I, II, and VI.

At the hearing on Saenz's motion for new trial, trial counsel admitted he "made a mistake" by failing to file a motion to quash the indictments on the grounds that Counts II, III, and IV were barred by limitations.

> The point is that a mistake was made, and it was a very, very bad mistake. Evidence was allowed in that would never have been allowed in under the remaining counts, had the three counts that were barred by limitations not been before the jury during the whole evidentiary portion of the trial. This was a horrible mistake.
>
> ... A Motion for New Trial, when there's been an egregious error like this, ought to be considered, and this was an egregious error. And the Court knows that I'm a board certified trial lawyer, but not a board certified criminal lawyer, and I think that the fact that I did not pick up on the error in the indictment, subjected Frank Saenz to going to trial and having evidence heard of counts that never should have been be-

fore the jury. And the fact that they heard it, could not-there was no possible instruction that the Court could have given that jury to have wiped out the crushing testimony by Yasmin Saenz, of things that happened many years ago, allegedly by Frank Saenz, that never should have been in evidence.

> The indictments never should have come down. That is an error that shouldn't have happened in the first place. ... As a result, I think at least as to the indictment for those three counts, ..., I don't think Frank Saenz had the benefit of effective assistance of counsel.

■ Despite trial counsel's belief, the admission of evidence regarding the waived counts and his request for an instruction allowing the jury to consider that evidence were not error. Article 38.37 of the Texas Code of Criminal Procedure provides that evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including the state of mind of the defendant and child and the previous and subsequent relationship between the defendant and the child. In light of this provision, even if trial counsel's failure to object to the introduction of evidence regarding the waived counts or his requested jury instruction were inappropriate, the record does not demonstrate that Saenz was harmed by the evidence or the jury question. Yasmin testified to sexual acts that she engaged in with Saenz, beginning in 1984 when she was four or five years old and which continued up until she was fourteen years old. "Evidence of extraneous acts such as this explains how 'a person in a position of authority, custody, or care of a young child has developed an unnatural attitude and relationship toward that child to explain

the charged act—an act that would otherwise seem wholly illogical and implausible to the average juror.' " *Brown v. State*, 6 S.W.3d 571, 579 (Tex.App.-Tyler 1999, pet. ref'd)(citing *Poole v. State*, 974 S.W.2d 892, 897 (Tex.App.-Austin 1998, pet. ref'd)). Accordingly, the evidence would have been admissible pursuant to article 38.37. Thus, Saenz has not demonstrated that trial counsel's failure to object to introduction of the evidence and his requested jury instruction was prejudicial.

■ Saenz also maintains his trial counsel was ineffective because he failed to file pre-trial motions. Specifically, according to Saenz, trial counsel failed to seek discovery of statements made by Saenz and various documents and failed to request notice of the State's intent to introduce evidence of extraneous acts. However, the record does not demonstrate whether any such documents or statements exist. Saenz's complaint is, therefore, merely a conclusion not firmly founded in the record. *Thompson*, 9 S.W.3d at 812. Further, "[t]he failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.-San Antonio 2001, pet. ref'd). Here, trial counsel filed several pretrial motions, and his decision to file no others could have been part of his trial strategy. *Id.* Saenz has failed to show his trial counsel's performance was deficient in this respect.

■ According to Saenz, trial counsel, by failing to object to the State's comments made during opening argument, was ineffective. Saenz cites the State's reference to allegedly inadmissible extraneous bad acts, which the State never attempted to prove except through inadmissible hearsay. However, Saenz has not pointed out which "bad acts" he refers to, why reference to these alleged "bad acts" is inadmissible, or why trial counsel failed to object to these references. Without making such a showing, we cannot determine whether counsel's failure to object was erroneous or reasoned trial strategy. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App.2001)(noting that in absence of counsel's reasons for challenged conduct, court presumes "strategic motivation").

■ Saenz further maintains that his trial counsel provided deficient representation by introducing damaging testimony against him. During cross-examination of Saenz's daughter, Yasmin, counsel introduced a poem she wrote when she was twelve years old.

### For A Father

A man in my life lead me to become a young lady

He taught me how to enjoy life and expect the unexpected to come to me

The man I know means a lot to me and made an impact in my life

He's the one who taught me many things including how to drive

That man is my Daddy and I've known him as long as I can remember

My Daddy cares for me and loves me and will forever

Even if I have a boyfriend he still cares for me the same

His eyes are getting puffy from having so much worrys [sic] and being in so much pain

The grief in his eyes and the streaks of gray in his hair

And all that I see on him every time I stare

I love my daddy because he's always been here

And when I was little I'd have a bad dream, but he'd explain "there's nothing to fear"

Maybe one day I'll get married I don't want to but maybe I will

I need him to give me away and be there for years to come and fill

Right now he knows (I hope) I Love him

And thats [sic] all that really matters

Because no matter he says [sic] or what he do [sic] I'll always be his Daughter

I Love You Daddy Merry Christmas

I know I can't give you much but I'll give you this for now. And thank you for being here for me. And thank [sic] for all the little things you've done for me .

According to Saenz, admission of this poem into evidence "had no exculpatory or mitigating value whatsoever" and "invited the jury to infer an unhealthy relationship between daughter and father." An equally logical inference, however, is that trial counsel viewed the poem as representative of a normal father/daughter relationship and he, thus, introduced the poem to impeach Yasmin's testimony. Accordingly, counsel's choice to introduce the poem into evidence and to question Yasmin regarding the poem could have been trial strategy. Saenz has failed to show counsel's performance was deficient in this regard.

 Next, Saenz maintains that trial counsel was ineffective for failing to object to Yasmin's testimony that Saenz grabbed her by her shoulders and pushed her against the wall as impermissible character evidence. As we noted earlier, article 38.37 of the Texas Code of Criminal Procedure makes admissible evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense to prove the defendant's or the child's the state of mind and the previous and subsequent re-

lationship between the defendant and the child. Trial counsel's failure to object to admissible evidence does not amount to ineffective assistance. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex.Crim. App.1994); *Kan v. State*, 4 S.W.3d 38, 46 (Tex.App.-San Antonio 1999, pet. ref'd).

 Saenz additionally complains that trial counsel failed to voir dire a key expert witness—a Child Protective Services worker pursuant to Texas Rule of Evidence 705(b). Rule 705(b) allows counsel to voir dire expert witnesses outside the presence of the jury to learn what facts the expert is basing his or her opinion on. *Brown v. State*, 974 S.W.2d 289, 292 (Tex.App.-San Antonio 1998, pet. ref'd). However, neither the rule nor the case law creates a presumption of error if counsel fails to request voir dire. *Id.* First, the CPS worker was never designated as an expert and rule 705(b) does not apply. And second, assuming the CPS worker was an expert, nothing illustrates counsel did not know the basis of her opinion. If defense counsel knew the basis of the opinion testimony then it follows that there was no need to invoke this rule of evidence.

Saenz further alleges trial counsel was ineffective because, during cross examination, he elicited opinion testimony from two of the State's witnesses regarding the complainant's credibility and Saenz's guilt. Nothing in the record, however, demonstrates that cross-examination of these witnesses was the product of unreasoned trial strategy, or that it lead to an unreliable guilty verdict.

 According to Saenz, counsel was ineffective by failing to object to inadmissible hearsay statements. At trial, an assis-

tant district attorney made the following statements:

> Well, she said—she told me that she wanted to retract the statement, and I said, "What I hear you telling me is not that this didn't happen, but that you just want it to go away." And she was just quiet. And I told her this isn't going to go away, that her sister made the charge also. That it wasn't her responsibility, that her sister had made a charge, and that she wasn't retracting her statement, so we were still going to go forward. I just need to know what to do, because we're going to present this case to the grand jury. I need to know what to do. I need to know what really happened. I said, you can tell whoever is—because I asked her at one time, I said, "Is someone telling you to do this?" And she said, "Yes." And I said, "You can tell them—blame it on me. You can blame it on me. I'm the one who makes these decisions. It's not your decision. We're still going forward. You can tell them that you told them you wanted to drop the charges, and that I'm the one that said we're going forward." I said, "What I need to know is did it happen?" And she said, "Yes, it did." And then we went into the grand jury room.

The assistant district attorney's testimony demonstrates that Yasmin intended to recant her allegations against her father. Trial counsel could have viewed the assistant district attorney's statements as evidence that Yasmin had fabricated the allegations and thus, his failure to object could have been sound trial strategy. Nothing in the record demonstrates that it was not.

 Saenz further contends trial counsel was ineffective by eliciting damaging character evidence from a State's witness, opening the door to prior bad acts. A deputy sheriff testified on behalf of the State. On cross examination, Saenz's counsel asked the deputy whether there was "anything about what you knew that made you think to yourself I knew something like this was going to happen." The deputy responded "yes." On redirect, the State asked the deputy to explain whether he was surprised by the charges against Saenz, to which the deputy responded "I had been informed there was a prior complaint for sexual abuse with another sister." First, the record is silent as to why Saenz's counsel asked the questions he did of the deputy or why he failed to object once the deputy made the allegedly inadmissible statements. *Thompson*, 9 S.W.3d at 814. And second, the jury already was aware that both Yasmin and Stella both had made allegations that their father had sexually abused them. Accordingly, even if counsel's question opened the door to evidence of prior bad acts, Saenz has failed to demonstrate that the deputy's testimony compromised the integrity of the jury's guilty verdict.

Finally, Saenz contends that "because his trial counsel so entirely failed to 'subject the prosecution's case to meaningful adversarial testing,' this court may presume that the conviction was insufficiently reliable to pass muster under the Sixth and Fourteenth Amendments to the United States Constitution." We disagree. Although trial counsel's representation was not a model of perfection, based upon this record, Saenz has failed to overcome the presumption that counsel's decisions fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 814. We do note, however, that Saenz may have recourse available through an application for writ of habeas corpus. *Id.*

### JURY CHARGE

 At the charge conference, Saenz's counsel requested the following jury instruction:

You are instructed that the State has elected to waive the charges in Counts III, IV and V of the indictment, that is, the defendant no longer stands accused of those charges. You may still consider the evidence presented regarding those counts to the extent that evidence may be relevant to Counts I, II, and VI.

According to Saenz, the trial court implied to the jury that counts III, IV, and V were proved beyond a reasonable doubt and impermissibly singled out testimony and commented on the weight of the evidence in violation of articles 36.14 and 38.05 of the Texas Code of Criminal Procedure. However, because Saenz requested this instruction, and because the instruction was given in the same form as requested, Saenz may not now complain on appeal that submission of the instruction was error. *Walbey v. State*, 926 S.W.2d 307, 314 (Tex.Crim.App.1996); *Livingston v. State*, 739 S.W.2d 311, 341 (Tex.Crim.App.1987). Saenz's final three issues are overruled.

CONCLUSION

Having overruled all of Saenz's issues on appeal, the trial court's judgment is affirmed.

Dissenting opinion by CATHERINE STONE, Justice.

CATHERINE STONE, Justice, dissenting.

Because I believe that Frank Saenz received ineffective assistance of counsel during the trial of this case, I respectfully dissent.

At the conclusion of testimony, the State waived three counts of the charged offense. By then, of course, substantial evidence had been admitted as to those three (time-barred) offenses. At the charge conference, Saenz's counsel requested an instruction informing the jury that the State had waived three counts of the charged offense. The requested instruction further informed the jury that it could not consider any evidence presented regarding the waived offenses. After the trial court denied this request, defense counsel, obviously flustered, requested the instruction now attacked on appeal. That instruction informed the jury about the three waived counts, and further stated: "You may still consider the evidence presented regarding those counts to the extent that evidence may be relevant to Counts I, II, and VI."

The majority contends this instruction and the admission of evidence regarding the waived counts is not erroneous because the evidence would be admissible under article 38.37 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.2003). The majority, however, fails to recognize two factors. First, the instruction emphasized testimony that should not have come in without at least some limiting language. Article 38.37 does not grant full admission of evidence of other bad acts merely because a child under 17 is involved. *See id.* Rather, article 38.37 allows "evidence of other crimes, wrongs, or acts ... for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." *Id.* When determining whether to admit evidence offered under this statute, the trial court must conduct a balancing test to determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Walker v. State*, 4 S.W.3d 98, 103 (Tex.App.-Waco 1999, pet ref'd). When the trial court determines the evidence should be admitted, a limiting instruction is appropriate, limiting the jury's consideration of the extraneous offenses to those purposes for which they are admitted. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex.Crim.App.1994).

While we may presume the trial court engaged in a balancing test, we can clearly see from the charge given to the jury that its consideration of this evidence was not in any way restricted. Indeed, Saenz contends the instruction amounted to an unconstitutional conclusive presumption, which in essence instructed the jury that beyond a reasonable doubt the three waived offenses occurred.

There is no silent record here leaving this court to speculate. The State managed to introduce ample evidence on offenses that were barred by limitations. Defense counsel was thwarted in his efforts to avoid a mistrial with a requested instruction when the trial court denied his initial request. Counsel's second requested instruction failed to properly limit the jury's consideration of the extraneous offense evidence. The jury obviously had questions about this very issue, as revealed by the note they sent back to the judge. However, there is no question about counsel's strategy or lack thereof—he admitted that he committed egregious error.

This case involves allegations of abusive and abhorrent conduct, but it is a swearing match between two individuals. There is no physical evidence to support the allegations. One of the victims recanted her accusations. From this record I do not believe one can conclude that Saenz received a fair trial. Rather, I can only conclude that Saenz was prejudiced by counsel's deficient performance. I would reverse the conviction and remand the cause for a new trial.