

NUMBER 13-06-00436-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GORDON KIRK KEMPPAINEN,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

**On appeal from the 36th District Court of Aransas County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

In 2006, an Aransas County jury found Gordon Kirk Kemppainen, appellant, guilty of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp. 2007).[1] Appellant waived his right to have the jury access punishment, and

---

[1] The underlying conviction represents appellant's third conviction for driving while intoxicated. The offense was therefore enhanced to a third degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2007).

the trial court sentenced appellant to ten years in prison and assessed a fine of $2,000. Appellant, proceeding pro se, raises three issues on appeal. He contends that: (1) he was afforded ineffective assistance by counsel; (2) the State engaged in "prosecutorial misconduct;" and (3) this State's enhancement scheme is unconstitutional. We affirm.

## I. BACKGROUND

Rolando Barrientez, an Aransas County Sheriff's Deputy, testified at trial regarding appellant's arrest. On the evening of August 2, 2005, Deputy Barrientez was patrolling the town of Fulton when he happened upon an intersection where appellant was stopped at a stop sign. Deputy Barrientez, having the right of way, entered the intersection at the same time that appellant's pickup truck accelerated and entered the intersection. Deputy Barrientez took evasive action by slamming on the brakes and swerving to avoid colliding with appellant's vehicle. The deputy then made a U-turn, activated his patrol car's overhead lights, and initiated a traffic stop of appellant's vehicle.

Upon making contact with appellant, Deputy Barrientez noticed the strong odor of alcohol coming off appellant's person; appellant also had slurred speech and glassy eyes. Deputy Barrientez preformed several field-sobriety tests on appellant, which appellant failed. A state trooper was then called to independently evaluate appellant's condition.

Lester Keener, a Department of Public Safety Trooper, arrived at the scene after Deputy Barrientez requested back up. Trooper Keener testified that when he arrived he noticed that appellant was leaning against his vehicle, had poor balance and slurred speech, and had glassy eyes. Trooper Keener also testified that he noticed the odor of an intoxicating beverage on appellant's breath. Trooper Keener performed several field sobriety-tests on appellant and felt that he was intoxicated.

2

Trooper Keener arrested appellant for driving while intoxicated, read him his *Miranda* warnings, and transported him to the Aransas County Detention Center. Upon arriving at the detention center, Trooper Keener requested a breath specimen from appellant and provided him with a statutory warning sheet, which appellant signed. Appellant was then twice administered an Intoxilyzer test which showed a blood alcohol content of 0.233 and 0.236, respectively.

Appellant was charged by indictment on November 15, 2005. The indictment alleged that appellant had been convicted on two previous occasions for driving while intoxicated. Appellant was represented by counsel when his case was tried before a jury. The record contains, among other items, (1) an order revoking appellant's probation for a conviction for driving while intoxicated rendered on March 27, 1992; and (2) a judgment accepting appellant's plea of guilty to the offense of driving while intoxicated rendered on October 12, 2000. The jury convicted appellant for the offense of driving while intoxicated, as a third degree felony based upon his two prior convictions. Appellant waived punishment by the jury and was sentenced by the trial court to ten years in prison.

Appellant filed a pro se motion for new trial and pro se notice of appeal. The trial court held a hearing on appellant's motion to proceed pro se, at which point the following exchange occurred:

| THE COURT: | Well, first thing I'm going to do is I'm going to advise you against that - - |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | - - because you're not an attorney. I know that you've - - I think you've had some experience with the court systems before, but you're not an attorney, you're not trained in those matters, and |

3

I think it would be best that you would consider to [sic] having the Court appoint an attorney to represent you on appeal.

You understand you do qualify - - if you cannot afford to [hire] an attorney to represent you on an appeal, you qualify to have one appointed to represent you on appeal?

THE DEFENDANT: Yes, sir.

THE COURT: But I have had no request from you to appoint an attorney. You have indicated that you're going to represent yourself. Is that your wish in this case?

THE DEFENDANT: Yes, sir. I feel confident that I can represent myself.

THE COURT: All right. And for the purposes of the record, what legal training do you have, sir?

THE DEFENDANT: Just my own studying [of] the law libraries, law books; that's about it.

THE COURT: You have never had any formal training?

THE DEFENDANT: Actually - -

THE COURT: Have you ever been involved in the appeal of a criminal action before?

THE DEFENDANT: Yes, sir.

THE COURT: Were you represented by an attorney on that particular action?

THE DEFENDANT: Yes, sir, against my will.

THE COURT: All right. Well, I can't make you have me appoint an attorney to represent you, and I shall not do that.

I want to advise you there are certain rules, procedures, guidelines, and most importantly

4

|                   |                                                                                                                                                                                                          |
|-------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                   | when we're talking about appeals there are deadlines that must be followed.                                                                                                                               |
| THE DEFENDANT:    | Yes, sir.                                                                                                                                                                                                 |
| THE COURT:        | Do you understand that?                                                                                                                                                                                   |
| THE DEFENDANT:    | Yes, sir, I do.                                                                                                                                                                                           |
| THE COURT:        | Do you understand that simply the fact that you're not a licensed attorney is not going to excuse you in any way from following all the proper procedures, guidelines, and time lines that you are required to follow under the rules? |
| THE DEFENDANT:    | Yes, sir.                                                                                                                                                                                                 |
| THE COURT:        | Okay. You will be given, you know, no special compensation just because you're not a trained attorney. You understand that?                                                                               |
| THE DEFENDANT:    | Yes, sir, I do.                                                                                                                                                                                           |
| THE COURT:        | All right. And it is your desire and wish to represent yourself; is that correct?                                                                                                                         |
| THE DEFENDANT:    | Yes, sir.                                                                                                                                                                                                 |

After admonishing appellant about the dangers of proceeding pro se, the trial court granted appellant's request, and he has proceeded pro se since then.

Proceeding pro se, appellant conducted a hearing on his motion for new trial. At the hearing, testimony was taken from Herbert Floyd, a social acquaintance of appellant, Deputy Barrientez, Sheriff Mark Gilliam, Assistant District Attorney Michael Hess, and appellant himself. Floyd testified that he witnessed the appellant's traffic stop and arrest, but he could not tell if appellant was driving his vehicle at the time of the stop. Gilliam and Hess testified that they were aware of a federal court action against their respective offices filed by appellant. Appellant gave self-serving testimony regarding his arrest and the

conduct of his trial counsel. The trial court denied appellant's motion for new trial, and this appeal ensued.[2]

## II. DISCUSSION

### A.    Ineffective Assistance of Counsel

By his first issue, appellant contends that his trial counsel was ineffective because he: (1) did not file any discovery motions; (2) did not meet with him before trial; (3) did not cross-examine the law enforcement officials about inconsistent statements that they made on the stand; and (4) did not move to suppress the Intoxilyzer test results because the initial stop was made without probable cause.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. Allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. at 813.

Moreover, the court's review of the defense counsel's representation is highly deferential, and we presume that counsel's action fell within the wide range of reasonable and professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App.

---

[2] We note that the State did not file a brief in this case.

2005); *Boone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

*1.      Discovery Motions*

Appellant first argues that his trial counsel was ineffective because he "did absolutely nothing to defend or prepare a defense," did not file any discovery motions, and was not able to obtain the videotape recording of his arrest. The mere failure to file pretrial motions does not categorically constitute ineffective assistance. *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.–San Antonio 2000, pet. ref'd). Unless appellant shows that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be found ineffective for failing to assert the motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)

We note that the record establishes that appellant's trial counsel effectively cross-examined Deputy Barrientez and Trooper Keener regarding the events surrounding appellant's arrest. We further note that the record contains a photocopy of a videotape recording of appellant's arrest. The appellant has not developed a record showing what evidence could have been discovered through any motions for discovery. We, therefore, conclude that appellant has not made any showing of a reasonable probability that the result of the proceedings would have been different if his trial counsel had filed a discovery motion. *See In re K.M.H.,* 181 S.W.3d 1, 9-10 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (stating that record did not reveal whether counsel conducted informal discovery and, thus, court could "only speculate why counsel did not conduct formal discovery and what such discovery [would] have revealed").

*2.      Failure to Adequately Prepare a Defense*

Appellant's second ineffective assistance of counsel contention is that his trial counsel did not meet with him before trial to prepare a defense.  The record contains no evidence, beside appellant's self-serving testimony, of whether or when appellant met with his attorney, what his attorney told him about the trial, or of appellant's decision to plead not guilty, to proceed to trial, and to waive his right to have the jury assess punishment.  Appellant has therefore failed to establish that his attorney's preparation for trial was deficient.  *See Thompson*, 9 S.W.3d at 813; *see, e.g., Ward v. State*, No. 04-03-244-CR, 2004 Tex. App. LEXIS 1018, at *2 (Tex. App.–San Antonio Feb. 4, 2004, no pet.) (mem. op., not designated for publication).

*3.      Cross-Examination of Law Enforcement Officials*

Appellant's third ineffective assistance of counsel argument is that his trial counsel did not effectively cross-examine the law enforcement officials because "the testimony of Deputy Barrientez is completely fabricated and not true."  Appellant also complains that his trial counsel did not cross-examine the arresting officers about inconsistencies in their testimony regarding the traffic stop's location.

We note that appellant's characterization of Deputy Barrientez's testimony as being "completely fabricated and not true" is supported by only appellant's self-serving testimony that he adduced at a hearing on his motion for new trial.  Otherwise, it is not supported by the record.  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (providing that an ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate the claim's merit).  Furthermore, the record shows that appellant's trial counsel ably cross-examined the law enforcement officers

8

called by the State regarding the location of the traffic stop.

*4.      Motion to Suppress*

Appellant's final ineffective assistance of counsel argument is that his trial counsel did not file a motion to suppress the traffic stop evidence. Appellant argues that Deputy Barrientez lied about the events leading up to his arrest. Again, the record does not support appellant's assault on the veracity of Deputy Barrientez's testimony. Moreover, a trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.–Austin 2007, no pet.). To prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, appellant must show by a preponderance of the evidence that the motion to suppress would have been granted. *Jackson*, 973 S.W.2d at 956-57.

In order to temporarily detain an individual for investigation, an officer need only articulate specific facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion of criminally related activity. *Held v. State*, 948 S.W.2d 45, 51 (Tex. App.–Houston [14th Dist.] 1997, pet. ref'd); *see also Ferrell v. State*, No. 04-05-00652-CR, 2006 Tex. App. LEXIS 8742, 2006 WL 2871287, at *1 (Tex. App.–San Antonio Oct. 11, 2006, no pet.) (mem. op., not designated for publication). In the present case, appellant's traffic infraction was more than sufficient to give rise to a reasonable suspicion of criminally related activity and thereby, justified the initial traffic stop.[3] *Held*, 948 S.W.2d at 51 . Accordingly, we cannot say trial counsel's decision not to file a motion

---

[3] Appellant also argues that his conviction should be overturned because there was no "probable cause or reasonable suspicion" to initiate the traffic stop. As noted above, this argument fails.

to suppress was so deficient and lacking in tactical or strategic decision-making as to overcome the presumption that trial counsel's conduct was reasonable and professional. *See Saenz v. State*, 103 S.W.3d 541, 546 (Tex. App.–San Antonio 2003, pet. ref'd) (explaining that the failure to object to admissible evidence does not amount to ineffective assistance).

Appellant's first issue is overruled.

## B.    Prosecutorial Misconduct

In his second issue, appellant alleges that law enforcement officials in Aransas County had a vendetta against him, that this vendetta constitutes "prosecutorial misconduct," and that a federal action that he filed is evidence of the vendetta. Appellant does not make a single citation to any legal authority for his contention of "prosecutorial misconduct" and does not cite any portion of the record. Appellant's second issue is therefore waived.[4]  *See* TEX. R. APP. P. 38.1(h).

## C.    Constitutionality of the Enhancement Scheme

By his third issue, appellant complains that the enhancement scheme is unconstitutional. In order to challenge the constitutionality of a statute, a defendant must show that the statute is being unconstitutionally applied to him or her. *Cantu v. State*, 939 S.W.2d 627, 643 (Tex. Crim. App. 1997). Like his second issue, appellant advances his third issue without a single citation to any legal authority or to the record. His third issue is therefore waived as well. *See* TEX. R. APP. P. 38.1(h).

---

[4] We note that the trial court thoroughly admonished the appellant regarding the perils of pro se representation. Appellant, however, chose to proceed pro se.

### III. Conclusion

Having overruled all of appellant's issues, the trial court's judgment is affirmed.[5]

/s/ ROGELIO VALDEZ
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 29th day of May, 2008.

---

[5] All pending motions are denied as moot.