

## MEMORANDUM OPINION

No. 04-07-00792-CR

Francisco A. **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. CRAC-07-056
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   December 10, 2008

AFFIRMED

Francisco A. Rodriguez was convicted by a jury of aggravated sexual assault and sentenced to forty years imprisonment. Rodriguez contends his trial counsel was ineffective by failing to properly prepare for the punishment phase of trial. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

Francisco A. Rodriguez was charged with aggravated sexual assault. He was represented by court-appointed trial counsel, who first met with Rodriguez at his arraignment on April 23, 2007.

Trial counsel also met with Rodriguez at his pre-trial hearing on May 24, 2007 and at the Comal County Jail on September 28, 2007. On October 23, 2007, Rodriguez pled guilty and elected to proceed before a jury for punishment on the same day. After deliberation, the jury reached a verdict and sentenced Rodriguez to forty years imprisonment.

Prior to the punishment stage of trial, Rodriguez's trial counsel did not file any written pre-trial motions. At trial, counsel did not call any witnesses and did not present any evidence while the State called two witnesses: Desmond O'Neill, a law enforcement agent to whom Rodriguez confessed, and the victim in the case.

## STANDARD OF REVIEW

A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008). To prove ineffective assistance of trial counsel on appeal, an appellant must show that counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish prejudice, appellant must prove, by a preponderance of the evidence, that but for counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation

of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. It is very difficult for an appellant to establish ineffective assistance when the record does not specifically mention counsel's reasons for his actions and appellant does not develop an evidentiary record through a hearing on a motion for new trial. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Even if appellant is able to prove trial counsel's performance was deficient, appellant must also affirmatively prove that he was prejudiced by counsel's actions. *Thompson*, 9 S.W.3d at 812. Appellant must demonstrate a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. *Id.*

## ANALYSIS

Rodriguez alleges he received ineffective assistance of counsel because his trial counsel failed to adequately prepare for the punishment phase of trial by failing to: (1) file any pre-trial motions; (2) prepare a type-written application for probation and an election for punishment prior to trial; (3) interview or subpoena defense witnesses, including a potential character witness, to testify at sentencing; (4) ensure Rodriguez had proper clothing to wear to trial; (5) present evidence of eligibility and requirements for probation; and (6) present evidence regarding requirements for sex offender registration.

On November 29, 2007, a hearing was held on Rodriguez's motion for new trial. At the hearing, trial counsel testified that she had been practicing law for almost twenty years. She testified that she opened her own criminal defense practice in 2004 and was appointed to Rodriguez's case in April of 2007. Trial counsel stated that Rodriguez's case was her first jury trial for sexual assault,

but she also added she had tried at least three or four other felony jury trials.

Trial counsel admitted that she did not file any pre-trial motions. Trial counsel testified that she did draft some pre-trial motions she thought she would need to present prior to trial in order to obtain evidence; however, she did not file the motions because of the State's open file policy. As a result, she obtained copies of everything she needed, including Rodriguez's confession and the reports made by O'Neill, a witness, and the police. Trial counsel also admitted she did not file a written motion to suppress Rodriguez's confession or O'Neill's statement. Although trial counsel drafted motions to suppress the evidence, she and co-counsel believed they lacked grounds to suppress either Rodriguez's confession or the statement after interviewing O'Neill and conducting additional research.

Trial counsel also admitted she did not prepare a type-written application for probation or an election for punishment prior to trial. Trial counsel testified that her co-counsel filed a handwritten application for probation and an election for punishment on the day of trial. Trial counsel testified that her initial strategy was to proceed with a jury trial to determine Rodriguez's guilt or innocence; however, trial counsel changed her strategy after reviewing the evidence and speaking to Rodriguez. Trial counsel testified that she did not make the decision to ask the jury to give Rodriguez a light sentence or probation until the day of trial.

Trial counsel further testified she visited Rodriguez on September 28, 2007, and she and Rodriguez reviewed all the evidence in detail, including Rodriguez's confession and the reports made by O'Neill and the police. Trial counsel testified Rodriguez voluntarily decided to plead guilty to avoid putting his step-daughter, the victim, through any more trauma. Trial counsel added she and co-counsel had a lengthy discussion with Rodriguez about his plea to ensure he made it freely and

voluntarily as well as understood what he was doing. Trial counsel testified that she then began to prepare the case for the punishment phase of trial.

Trial counsel admitted she failed to question any defense witnesses prior to trial. Although trial counsel interviewed O'Neill and attempted to interview the victim and her mother, it was her understanding that Rodriguez did not want to call any witnesses. During a visit with Rodriguez, trial counsel asked Rodriguez for a written list of witnesses; however, Rodriguez made the decision not to call any witnesses. According to trial counsel, one of Rodriguez's friends called counsel prior to trial to testify as a character witness. Trial counsel explained that she mistakenly believed the friend could not testify to Rodriguez's good character unless the State first offered character evidence against Rodriguez. Trial counsel did inform Rodriguez of the phone call. Trial counsel testified she gave Rodriguez another opportunity to provide a written witness list, but Rodriguez remained steadfast in his decision not to call any witnesses at punishment.

Trial counsel also testified she called a deputy in Bandera County a week before trial regarding Rodriguez's clothes. The deputy assured trial counsel that Rodriguez had civilian clothes to wear, and at trial, Rodriguez wore blue jeans, tennis shoes, and a collared polo shirt.

Rodriguez also testified at the motion for new trial hearing. Rodriguez testified he was under the impression that trial counsel filed a pre-trial motion to suppress evidence of his confession. Rodriguez also testified he wanted certain witnesses to be called as character witnesses at his punishment trial. He added that the witnesses were knowledgeable and familiar with his character and work history, and he believed such facts were material for the jury to hear. Rodriguez testified he met trial counsel only one time before trial and that he believed she did not make any effort to investigate his background history or to prepare for the punishment hearing.

While Rodriguez properly filed a motion for new trial and raised his ineffective assistance of counsel claim in that motion, the record fails to rebut the strong presumption that counsel rendered effective assistance. The record in this case provides us with reasonable explanations concerning counsel's trial strategy in response to Rodriguez's first four bases for claiming ineffective assistance. For example, trial counsel prepared several drafts of pre-trial motions and reviewed them with co-counsel. Her decision not to file them was based on trial strategy. *See Saenz v. State*, 103 S.W.3d 541, 545 (Tex. App.—San Antonio 2003, pet. ref'd); *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd) ("The failure to file pre-trial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy."). Additionally, the trial judge, as the sole judge of the credibility of the witnesses, was free to believe counsel's testimony that Rodriguez decided not to call any witnesses at punishment, and trial counsel's decision not to call any punishment witnesses is a matter of trial strategy. *See Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.–Houston [1st Dist.] 2005, pet. dism'd); *Acosta v. State*, 160 S.W.3d 204, 210 (Tex. App.—Fort Worth 2005, no pet.). When reviewing a claim of ineffective assistance of counsel, we are highly deferential to counsel's performance. *Ex parte Welborn*, 785 S.W.2d at 393. In this case, counsel provided reasonable explanations of her trial strategy regarding Rodriguez's case, and Rodriguez has failed to rebut the presumption of effective assistance. *See Thompson*, 9 S.W.3d at 813.

Even assuming trial counsel's actions fell below the objective standard of reasonableness, we could not conclude that trial counsel's actions resulted in prejudice to Rodriguez. *Id*. Other than his conclusory claim, Rodriguez does not provide us with any evidence that a different result would have occurred if trial counsel had acted differently. *Thompson*, 9 S.W.3d at 812.

In regard to the fifth and sixth bases on which Rodriguez claims ineffective assistance, the record is silent as to the reason trial counsel did not present either evidence of eligibility and requirements for probation or evidence regarding requirements for sex offender registration. Consequently, Rodriguez's complaint as to these issues is not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813. We will not speculate about the reasons for counsel's trial strategy. *See Hernandez v. State*, 198 S.W.3d 257, 269 (Tex. App.—San Antonio 2006, pet. ref'd). "A silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance." *Id*. at 270. Therefore, Rodriguez has failed to rebut the presumption that counsel made these trial decisions based on sound professional judgment. *See id*. at 269-70.

## Conclusion

Because trial counsel's actions did not fall below the objective standard of reasonableness or prejudice Rodriguez's defense, we affirm the trial court's judgment.

Rebecca Simmons, Justice

Do Not Publish