**Affirmed and Memorandum Opinion filed October 18, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-00308-CR

---

**LARRY ALAN WILHEIM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1203901**

---

## MEMORANDUM OPINION

Appellant Larry Alan Wilheim appeals from his conviction for driving while intoxicated, third-offender. A jury found appellant guilty and assessed his punishment at fifteen years' imprisonment. In three issues, appellant contends that he received ineffective assistance of counsel. We affirm.

### *Background*

Deputy Richard Vandine of the Harris County Sheriff's Office testified that around 4:00 p.m. on February 17, 2009, he was alerted by a motorist regarding a small pickup truck. He discovered the pickup parked in front of a liquor store and saw

appellant exit the pickup and enter the store. Appellant subsequently exited the store carrying a bottle. When appellant drove away in the pickup, Vandine noticed he had an expired registration sticker and pulled him over. Appellant did not have his driver's license with him, and his speech was slurred. Vandine could also smell alcohol from within the vehicle. Appellant's eyes were "barely open and very blood shot and glassy," and when Vandine instructed him to exit the pickup, he did so very slowly.

Vandine further testified that he is trained in administering field sobriety tests. Appellant agreed to undergo such testing, during which he exhibited poor balance and could not follow directions. At that point, Vandine placed appellant in the back of his patrol car and then performed an inventory of appellant's pickup prerequisite to towing. In the center console of the vehicle, Vandine discovered two empty bottles of rum, two full bottles of rum, a Gatorade bottle, and a cup that appeared to contain Gatorade and ice and smelled of alcohol.

Appellant fell asleep on the way to the police substation. Once at the substation, appellant initially refused to take a breath or "intoxilyzer" test. Vandine then called Deputy Carl Meaux, who had more experience with DWI cases, to perform another field sobriety test. Appellant subsequently agreed to an intoxilyzer test with Meaux.

In response to the question "what were you wanting Deputy Meaux to do?" Vandine began, "Normally, when you have somebody with several convictions, we go ahead and get them to come and—." At that point, defense counsel objected on the grounds that the statement was nonresponsive. The judge sustained the objection and instructed the jury to disregard Vandine's statement. Vandine concluded his direct testimony by stating that there was "[n]o doubt in my mind" appellant was intoxicated.

During cross-examination by defense counsel, Vandine volunteered that he believed appellant's driver's license had been suspended. The judge then immediately retired the jury and instructed the witness not to mention possible extraneous offenses,

explaining that the jury had only been informed regarding appellant's two prior DWI convictions. Defense counsel then moved for a mistrial, which the judge denied.

In his testimony, Deputy Meaux described his training for conducting field sobriety tests and intoxilyzer tests. While observing appellant prior to administering the intoxilyzer test, Meaux noticed appellant had slurred speech, bloodshot eyes, and relaxed features. He also stated appellant got some facts wrong and was taking a long time to "formulate a thought." Meaux also performed field sobriety tests on appellant. A videotape made at the time was introduced into evidence and shown to the jury. Meaux indicated that appellant demonstrated six "clues" during testing and that anything over four clues would indicate a blood alcohol concentration ("BAC") of ".08 or above," suggesting a BAC above the legal limit. *See Penal Code* §§ 49.01(2)(B) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more"); 49.04 (criminalizing operating a motor vehicle while intoxicated).

In concluding his direct testimony, Meaux opined that appellant was intoxicated on the evening in question and had lost the normal use of his mental faculties. He based these conclusions on "the visual signs that [he] saw outward, the actual BAC level, and then also, the inability to complete the test as required."

On cross-examination, Meaux acknowledged that he did not know how appellant normally talked and that appellant told him that he had not slept much. Meaux further acknowledged that lack of sleep can cause bloodshot eyes.

Becky Cuculic testified that she supervises law enforcement officers' use of breath analysis equipment and performs inspections and maintenance on that equipment. She testified that the intoxilyzer device used to test appellant's breath on February 17, 2009 was functioning properly. She further testified that the results of the test showed a BAC for appellant of .187 which was above the legal limit of .08.

Daniel Torrence, a co-worker and friend of appellant's, testified that on February 17, 2009, appellant was coherent, sober, and put in a full day of work. Torrence

3

acknowledged, however, that he did not see appellant after 3:15-3:30 P.M..  A stipulation of evidence was also admitted regarding two prior DWI convictions.

In his three issues on appeal, appellant contends that he received ineffective assistance of counsel because his trial counsel failed to (1) preserve error regarding Deputy Vandine's mention of prior offenses, (2) preserve error regarding Deputy Meaux's relation of field sobriety test results to a specific BAC, and (3) request a hearing regarding Meaux's status as an expert.

*Standards of Review*

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions.  U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  In reviewing an ineffective assistance claim, an appellate court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; that is, [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Under the two-pronged *Strickland* test, in order to demonstrate ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient, *i.e.*, that his assistance fell below an objective standard of reasonableness; second, a defendant must affirmatively prove prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *Id.* at 813.  Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective.  *Id.*  In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failings of trial counsel.  *Jackson*

4

*v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). This is particularly true when the alleged deficiencies are matters of omission and not of commission revealed in the record. *Id.* A proper record is best developed in a habeas corpus proceeding or in a motion for new trial hearing. *DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Ordinarily, trial counsel should be afforded an opportunity to explain his or her actions, and in the absence of such opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). To establish ineffective assistance of counsel based on a failure to object, appellant must demonstrate that the trial court would have committed harmful error in overruling the objection if trial counsel had objected. *DeLeon*, 322 S.W.3d at 381.

*Statements Concerning Prior Convictions*

In his first issue, appellant contends that his trial counsel performed deficiently in failing to preserve error when Deputy Vandine mentioned appellant had prior convictions. While counsel did object that Vandine's statement was nonresponsive to the question asked, appellant insists that counsel should have objected based on relevance under Texas Rule of Evidence 403. Tex. R. Evid. 403. Because the trial court granted counsel's objection and instructed the jury to disregard Vandine's comment, appellant's first issue appears aimed squarely at the failure to preserve the relevance question for appellate review by requesting a mistrial on that ground.

Generally, a prompt instruction to disregard renders harmless any error arising from improperly admitted testimony. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam). Indeed, this is true "except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). To determine whether

5

this narrow exception applies, we must examine "the peculiar facts and circumstances of each case." *Hernandez v. State*, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990).

Here, it was stipulated before the jury that appellant had prior DWI convictions. Vandine's off-hand mention that appellant had prior convictions therefore was unlikely to have inflamed the minds of the jury such that the instruction to disregard could not have been effective. Furthermore, the record is silent as to trial counsel's reasoning for not seeking a mistrial. Counsel may not have wanted to do so for fear that it would suggest to the jury that appellant had other convictions beyond those that were stipulated.[1]

Appellant has not demonstrated that counsel acted deficiently in failing to preserve a relevance objection to Vandine's comment. We overrule appellant's first issue.

*Correlation to Blood Alcohol Content*

In his second issue, appellant contends that his trial counsel performed deficiently in failing to preserve error when Deputy Meaux correlated results of a field sobriety test to a specific BAC. In support of this argument, appellant cites *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994). In *Emerson*, the Court of Criminal Appeals determined that one type of field sobriety test, the horizontal gaze nystagmus (HGN) test, was a reliable indicator of intoxication. *Id*. at 769. However, the Court further explained that the HGN test was not a reliable indicator of a precise BAC because of a demonstrated margin of error and dearth of published studies on its reliability. *Id*. The court concluded that while a qualified peace officer may testify regarding a suspect's performance on the test, the officer may not correlate that performance to a specific BAC. *Id*.

---

[1] Under this issue, appellant further states that Deputy Vandine "went one step further by introducing evidence of the Appellant's prior conviction for Driving While License Suspended," and that trial counsel again failed to make a proper objection. Vandine did not, however, reference any such conviction. Vandine did volunteer that he believed appellant's driver's license had been suspended. The trial court then admonished Vandine, outside the presence of the jury, not to mention any extraneous offenses, such as driving with a suspended license. The court also overruled trial counsel's motion for a mistrial.

6

Deputy Meaux did not testify that appellant's HGN results correlated to a specific BAC, but he did testify that appellant's results on a different field sobriety test, the "walk and turn," indicated that he was at or above .08 BAC.[2] *See Alexander v. State*, 282 S.W.3d 701, 709-10 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (analyzing testimony regarding field sobriety tests under *Emerson* even though apparently not just involving HGN). However, even assuming that this would have been a legitimate basis for counsel to object to this testimony, we cannot say that had counsel done so there is a reasonable probability that the result of the proceeding would have been different. Thus, appellant cannot meet the second prong of the *Strickland* test. *Thompson*, 9 S.W.3d at 812.

The record contains other, even stronger evidence of appellant's intoxication on the day in question beyond Meaux's testimony regarding the walk-and-turn test. Becky Cuculic testified that the intoxilyzer used to test appellant's breath on that date was functioning properly and revealed a BAC for appellant of .187 which was above the legal limit of .08. Deputy Vandine testified that appellant demonstrated poor balance, could not follow directions on the field sobriety tests, and had bloodshot, glassy eyes. Vandine also opined that appellant was intoxicated. Meaux testified that appellant had slurred speech, bloodshot eyes, and relaxed features, got some facts wrong, and was taking a long time to "formulate a thought." Meaux concluded that appellant was intoxicated and had lost the normal use of his mental faculties based on "the visual signs that [he] saw outward, the actual BAC level, and then also, the inability to complete the test as required." The jury was also able to view appellant's performance in some of the tests on videotape.

Given the strength of the evidence regarding appellant's intoxication, there is not a reasonable probability that the result of the proceeding would have been different had trial counsel objected to Meaux's testimony regarding the walk-and-turn test and

---

[2] "There [are] eight [clues of intoxication during the administration of the . . . test.] Anything over four is considered impairment of .08 or above." Meaux testified that appellant exhibited six clues.

7

corresponding BAC level. *Cf. Smith v. State*, 65 S.W.3d 332, 345 (Tex. App.—Waco 2001, no pet.) (finding harmless error where officer testified performance of field sobriety test indicated BAC over .08). Accordingly, we overrule appellant's second issue.

*Expert Testimony*

In his third issue, appellant asserts that trial counsel was deficient in failing to request a hearing, or at least conduct a voir dire examination of Deputy Meaux, regarding the admissibility of Meaux's expert testimony. *See generally* Tex. R. Evid. 702 (permitting a witness qualified as an expert to provide opinion testimony when such testimony will assist the trier of fact in understanding the facts or determining a fact issue); 705(b) (authorizing the party against whom expert opinion is offered to conduct voir dire of the expert to determine the underlying facts or data on which the opinion is based).

The record, however, is silent as to what trial counsel may have known about Meaux's qualifications or the underlying facts or data on which his opinion was based, beyond those statements which already appear in Meaux's trial testimony. *See Saenz v. State*, 103 S.W.3d 541, 546 (Tex. App.—San Antonio 2003, pet. ref'd) (noting record did not demonstrate defense counsel did not know basis of supposed expert's opinion when he failed to voir dire witness). The record is also silent regarding what additional information defense counsel might have solicited had he examined Meaux on voir dire. In the absence of such information, we cannot conclude that trial counsel was ineffective for failing to request a hearing or conduct a voir dire examination. *See generally Jackson*, 973 S.W.2d at 957. There is certainly no presumption that such failure demonstrated deficient representation. *See Saenz*, 103 S.W.3d at 546. Finding appellant failed to affirmatively demonstrate counsel acted deficiently, we overrule appellant's third issue.

We affirm the trial court's judgment.

/s/            Martha Hill Jamison
Justice

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).