

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00298-CR

_____

KEVIN DANE NORRIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1799027

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

A jury convicted Appellant Kevin Dane Norris of one count of continuous sexual abuse of a young child and one count of sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.02(b), 22.011(a)(2). On appeal, Norris argues in four issues that the trial court reversibly erred by (1) admitting over Norris's Rule 403 objection State's Exhibit Seventeen, which consists of seventy-eight pages of photographed text messages between Norris and the complainant, P.B.;[1] (2) admitting certain hearsay statements that allegedly did not fit within the exceptions under which they were admitted; and (3) denying his motion for directed verdict. We will affirm.

### I. BACKGROUND

P.B. testified that Norris, her stepfather, began sexually assaulting her when she was eight years old.[2] According to P.B., the first assault occurred after she was awakened one night by Norris entering her bedroom. Norris, who was drunk, put his hand down P.B.'s pants and touched her vagina. P.B., pretending to be asleep, kept her eyes closed and did not tell anyone what had happened.

---

[1] We use initials to refer to the complainant. *See* Tex. R. App. P. 9.10(a)(3).

[2] P.B. was born in August 2005, which means that the abuse began somewhere between 2013 and 2014.

P.B. recalled that Norris attempted to assault her again approximately ten to twelve months later, but she kicked him off before he could touch her vagina again. After that unsuccessful attempt, Norris paused his assaults for a while.

P.B. testified that Norris began consistently assaulting her when she was about twelve years old. Typically, when Norris was alone in the house with P.B. or when everyone else was asleep, he would tell her to "get ready," which meant for P.B. to stop whatever she was doing, get undressed, and go into her bedroom or the bathroom where Norris would perform oral sex on her, make her perform oral sex on him, or penetrate her vagina with his penis. The assaults continued through the summer of 2020 when P.B. was fourteen or fifteen years old.

P.B. expressed that she had no intention of telling anyone about the abuse, but it came to light in September 2020 after P.B.'s younger brother alleged that P.B had sexually abused him. During the investigation into her brother's allegations, P.B. told her mother about what Norris had done to her.

In October 2020, P.B.'s mother took her to see Bren Ledbetter, a certified sexual assault nurse examiner (SANE), for an examination.[3] Based on her examination, Ledbetter came to the conclusion that P.B. had been sexually abused.

After hearing all the evidence, the jury found Norris, who had been charged in a seven-count indictment, guilty of Count One (continuous sexual abuse of a young child) and Count Seven (sexual assault of a child) and assessed his punishment at life

---

[3]Ledbetter testified that P.B. would not agree to a full physical exam.

in prison on Count One and twenty years in prison plus a $10,000 fine on Count Seven. This appeal followed.

## II. DISCUSSION

### A. <u>Issue One</u>: State's Exhibit Seventeen

In his first issue, Norris contends that the trial court abused its discretion by admitting State's Exhibit Seventeen because its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. But Norris failed to preserve this complaint.

#### 1. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). Thus, we will not reverse a such decision unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

Even if a trial court improperly admits evidence, such an error generally does not warrant reversal unless it affects an appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). Improperly admitted evidence that did not

4

influence the jury or had but a slight effect on the verdict is harmless. *Id.* Further, a trial court's error in improperly admitting evidence may be rendered harmless if other evidence that proves the same facts as the inadmissible evidence is admitted without objection. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003).

### 2. Norris Failed to Preserve His Complaint

To preserve a complaint for appellate review, the record must show that a specific and timely objection was made to the trial judge and that the judge ruled on the objection. Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.) (mem. op.). "When an exhibit contains both admissible and inadmissible evidence, the burden is on the objecting party to specifically point out which portion is inadmissible." *Kelso v. State*, 562 S.W.3d 120, 136 (Tex. App.—Texarkana 2018, pet. ref'd) (citing *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009)). In the absence of a specific objection, "[a] trial court is not obligated to search through an exhibit and segregate the admissible evidence from the inadmissible" and "may safely admit it or exclude it all." *Id.* When this occurs, "the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection." *Id.* (quoting *Richter v. State*, 482 S.W.3d 288, 298 (Tex. App.—Texarkana 2015, no pet.)); *see Fears v. State*, 479 S.W.3d 315, 334 (Tex. App.—Corpus Christi–Edinburg 2015, pet. ref'd) (citing *Willover v. State*, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002)).

5

As noted above, State's Exhibit Seventeen consists of seventy-eight pages of photographed text messages between Norris and P.B. that were taken from P.B.'s phone. Norris, contending that the danger of unfair prejudice substantially outweighed this exhibit's probative value, objected to its admission on Rule 403 grounds. *See* Tex. R. Evid. 403. But although he was given the opportunity to object to specific portions of the exhibit, Norris declined to do so:

> [DEFENSE COUNSEL]: We did have an opportunity to discuss whether or not photos of text messages from [P.B.]'s phone will be admitted into evidence by the State.
>
> . . . .
>
> We did have an opportunity by way of email to respond to the State through an email that was sent to me and to [my co-counsel] by [the prosecutor] to give us an opportunity to pick out statements that we thought were harmful and have an opportunity to make further objections to -- likewise, the Court also gave us that opportunity to do that this morning, and for strategic purposes, we've decided we do not want to do that. The only objection that we'll use is 403, the prejudicial effect outweighs the probative value.
>
> That's all.
>
> THE COURT: Thank you.

Because Norris failed to specifically identify which portions of Exhibit Seventeen he believed were inadmissible and to request that the State segregate the admissible portions, if any, from the inadmissible portions, his trial objection was insufficient to preserve any Rule 403 error regarding the photographed text messages. *See Kelso*, 562 S.W.3d at 136; *Fears*, 479 S.W.3d at 334. Accordingly, we hold that the

trial court did not abuse its discretion by admitting State's Exhibit Seventeen in its entirety, and we overrule Norris's first issue.[4]

## B. <u>Issues Two and Three</u>: Hearsay Complaints

In his second and third issues, Norris asserts that the trial court abused its discretion by admitting evidence containing P.B.'s hearsay statements even though the hearsay statements allegedly did not fit within the exceptions under which they were admitted. But even assuming that the trial court abused its discretion by admitting the complained-of statements, we conclude that the error was harmless.

As noted above, error in the admission of evidence is subject to harmless-error analysis, Tex. R. App. P. 44.2(b), and a trial court's error in improperly admitting evidence may be rendered harmless if other evidence that proves the same facts as the inadmissible evidence is admitted without objection, *see Valle*, 109 S.W.3d at 509–10;

---

[4]In his briefing, Norris asserts that the photographed texts lack probative value because they "do not depict the scene of the offense[ or] . . . the scene of the arrest" and are "not evidence of the alleged violations of law." But Norris cites no authority to support his implied contention that evidence lacks probative value unless it meets one of these criteria. *See* Tex. R. App. P. 38.1(i). Rather, as the State explains, because Norris's defense theory was fabrication and there was no physical evidence or eyewitness testimony to corroborate P.B.'s account, the photographed text messages were highly probative because they corroborated elements of P.B.'s testimony, including that Norris had supplied her with "vapes." Further, neither Norris's trial objection nor his brief explains how any specific statement or language contained within Exhibit Seventeen created a danger of unfair prejudice; rather, in his brief, Norris vaguely asserts that the text messages "could have caused . . . emotional hostility towards [him]." Accordingly, in addition to being unpreserved, Norris's first issue is inadequately briefed and unmeritorious. *See id.*; *see also* Tex. R. Evid. 403; *James v. State*, 623 S.W.3d 533, 547 (Tex. App.—Fort Worth 2021, no pet.) (outlining Rule 403 balancing test).

*Cochran v. State*, No. 02-23-00034-CR, 2023 WL 7037625, at *2 (Tex. App.—Fort Worth Oct. 26, 2023, no pet.) (mem. op., not designated for publication); *Mendoza v. State*, 69 S.W.3d 628, 634 (Tex. App.—Corpus Christi–Edinburg 2002, pet. ref'd) (citing *Huff v. State*, 560 S.W.2d 652, 653 (Tex. Crim. App. [Panel Op.] 1978)). In sexual-assault cases, error in admitting a complainant's hearsay statement is rendered harmless when the complainant herself testifies regarding the same subject matter. *See Poole v. State*, 974 S.W.2d 892, 899 (Tex. App.—Austin 1998, pet. ref'd).

The hearsay statements about which Norris complains were included in the testimony of P.B.'s mother and SANE Nurse Ledbetter. P.B.'s mother, who was designated as an outcry witness, *see* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(3), testified that P.B. had told her that Norris had begun touching her when she was eight years old and that he had graduated to "penetration," which P.B.'s mother understood to mean penile intercourse, when P.B. was twelve. She also testified that P.B. had told her that the last assault occurred when P.B. was fifteen and that the assaults had occurred in the bathroom of the family's home or in P.B.'s bedroom. The trial court admitted this testimony under the outcry-witness exception to the hearsay rule. *See id.* art. 38.072, § 2(b); *Martinez v. State*, 178 S.W.3d 806, 810–11 (Tex. Crim. App. 2005).

Ledbetter testified that during her examination, P.B. had told her, among other things, that "[she] always went to [Norris] if [she] wanted something" and that Norris would buy her nicotine and marijuana in exchange for sex. This testimony was

8

admitted under Rule 803(4) as a statement made for medical diagnosis or treatment. *See* Tex. R. Evid. 803(4).

On appeal, Norris contends that P.B.'s out-of-court statements contained in the above-described testimony did not fit within the hearsay exceptions under which they were admitted. Assuming the trial court erroneously admitted the evidence, because P.B. herself testified regarding the same subject matter, any error in the admission of the hearsay statements was rendered harmless. *See Poole*, 974 S.W.2d at 899. At trial, P.B. testified extensively and in great detail about the sexual abuse that she suffered at Norris's hands. In particular, she recounted how Norris had begun touching her when she was eight years old, had graduated to penile penetration when she was around twelve years old, and had continued to abuse her until she was approximately fifteen years old. She also testified that Norris had supplied her with marijuana and had given her "vapes," money, and transportation in exchange for sexual favors.

Because P.B. testified in court—where she was under oath and subject to cross-examination—regarding the same facts contained in the complained-of hearsay statements, any error in the admission of these out-of-court statements was harmless. *See id.*; *see also Thompson v. State*, 665 S.W.2d 188, 190 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) (holding doctor's testimony regarding complainant's out-of-court statements was harmless because the complainant had testified in court under oath

9

and was subject to cross-examination regarding the same facts). Accordingly, we overrule Norris's second and third issues.

## C. <u>Issue Four</u>: **Legal Sufficiency of the Evidence**

In his fourth issue, Norris argues that the trial court erred by denying his motion for directed verdict. We disagree.

### 1. Standard of Review

We treat an appellate complaint concerning a trial court's denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

When conducting an evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine

10

whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

## 2. Elements of the Offenses

A person who is seventeen years of age or older commits the offense of continuous sexual abuse of a young child if, during a period that is thirty days or more in duration, the person commits two or more acts of sexual abuse against a child younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). An "act of sexual abuse" includes, among other things, indecency with a child, sexual assault, aggravated sexual assault, and sexual performance by a child.[5] *Id.* § 21.02(c)(2)–(4),

---

[5]Count One of the indictment alleged that Norris

> on or about the 4th day of August 2013, through the 3rd day of August 2019, during a period of time that is 30 days or more in duration, did commit two or more acts of sexual abuse against a child or children younger than 14 years of age, including an act constituting the offense of aggravated sexual assault of a child against [P.B.], by causing the sexual organ of [P.B.] to contact the sexual organ of [Norris] and/or by contacting the sexual organ of [P.B.] with the mouth of [Norris] and/or by causing the mouth of [P.B.] to contact the sexual organ of [Norris]

11

(6). "Although the exact dates of the acts of sexual abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that one act of sexual abuse occurred on at least the [twenty-ninth] day after the day of another act of sexual abuse." *Lawson v. State*, No. 02-17-00201-CR, 2018 WL 1192478, at *4 (Tex. App.— Fort Worth Mar. 8, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (citing Tex. Penal Code Ann. § 21.02(d)). But "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date[s] when those acts were committed." *Id.*

A person commits the offense of sexual assault of a child by, among other things, intentionally or knowingly causing "the penetration of the anus or sexual organ of a child by any means."[6] Tex. Penal Code Ann. § 22.011(a)(2)(A). This conduct constitutes sexual assault regardless of whether the actor knows the child's age at the time of the offense. *Id.*

---

and/or an act constituting the offense of indecency with a child [via] sexual contact against [P.B.], by touching, including over the clothing, the genitals of [P.B.] and/or by causing [P.B.] to touch any part of the genitals of [Norris.]

[6]Count Seven of the indictment alleged that Norris "on or about the 4th day of August 2019, [did] intentionally or knowingly cause the sexual organ of [Norris] to penetrate the sex organ of [P.B.], a child younger than 17 years of age, regardless of whether [Norris] knew the age of [P.B.]."

12

### 3. Analysis

Norris argues that the evidence was legally insufficient to support the jury's verdict because (1) P.B. had a motive to lie; (2) no physical evidence corroborated P.B.'s testimony; (3) P.B.'s mother did not qualify as an outcry witness; and (4) P.B.'s testimony was too vague because she did not provide specific dates and times that the abuse occurred.[7] Norris's legal-insufficiency argument lacks merit.

First, whether P.B. had a motive to lie goes to her credibility. But in our legal-sufficiency review, we may not re-evaluate the evidence's weight and credibility or substitute our judgment for the jury's. *Queeman*, 520 S.W.3d at 622. Because the

---

[7]As the State points out, Norris cited no legal authority establishing that any of his enumerated complaints render the evidence legally insufficient to support the trial court's judgment. Thus, he has arguably forfeited his fourth issue due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (holding that appellant's point of error was "inadequately briefed and presents nothing for review as this Court is under no obligation to make appellant's arguments for her"); *Jessop v. State*, 368 S.W.3d 653, 681, 685 (Tex. App.—Austin 2012, no pet.) (holding that because appellant failed to proffer any argument or authority with respect to his claims, he waived any error due to inadequate briefing); *Ochoa v. State*, 355 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("An appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities."). But because Norris's fourth issue lacks merit, we overrule it on that basis. *See Zermeno v. State*, No. 14-19-00789-CR, 2021 WL 4472528, at *3 n.4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (exercising discretion to address issue on the merits despite appellant's inadequate briefing but admonishing that failure to comply with briefing requirements "usually results in the waiver of an issue"); *see also Cisneros v. State*, No. 08-09-00096-CR, 2010 WL 2990657, at *4 (Tex. App.—El Paso July 30, 2010, pet. ref'd) (not designated for publication) (noting that it is within an appellate court's discretion to conclude that an issue is waived due to inadequate briefing (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994))).

13

jury—as the sole judge of P.B.'s credibility—was free to believe her testimony, her supposed motive to lie has no bearing on our legal-sufficiency analysis. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Pisaturo v. State*, Nos. 01-06-00038-CR, 01-06-00074-CR, 2006 WL 3804456, at *2 (Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. ref'd) (mem. op., not designated for publication); *Horner v. State*, No. 05-96-00526-CR, 1998 WL 19943, at *2 (Tex. App.—Dallas Jan. 22, 1998, pet. ref'd) (not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 38.04 (providing that "[t]he jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony" except where otherwise provided by law).

Second, because a child complainant's uncorroborated testimony, standing alone, is sufficient to support a conviction for continuous sexual abuse of a child or sexual assault of a child, neither outcry testimony nor corroborating physical evidence is required to support a conviction. *See* Tex. Code Crim. Proc. Ann. art. 38.07; *Brockman v. State*, No. 02-18-00327-CR, 2019 WL 4048872, at *1 (Tex. App.—Fort Worth Aug. 28, 2019, pet. ref'd) (mem. op., not designated for publication). Thus, even if we were to accept as true Norris's contentions that P.B.'s mother did not qualify as an outcry witness and that P.B.'s accusations were uncorroborated by any physical evidence, this would not render the evidence legally insufficient.

Finally, child complainants are not required to be specific about the dates and times that sexual abuse occurred. *Turner v. State*, Nos. 05-21-00922-CR, 05-21-00924-

14

CR, 2023 WL 3991662, at \*3 (Tex. App.—Dallas June 14, 2023, pet. ref'd) (mem. op., not designated for publication) (citing *Montero v. State*, No. 05-18-01281-CR, 2019 WL 3229170, at \*2 (Tex. App.—Dallas July 18, 2019, no pet.) (mem. op., not designated for publication)).  As detailed above, P.B. testified that she was born in 2005 and that Norris had begun sexually assaulting her by touching her vagina when she was eight years old, had graduated to penile penetration of her vagina when she was around twelve years old, and had continued to abuse her until she was approximately fifteen years old.

Based on this testimony, a rational factfinder could have concluded that Norris sexually assaulted P.B., *see* Tex. Penal Code Ann. § 22.011(a)(2), and that, during a different period of time, he committed two or more acts of sexual abuse against her, with one such act of sexual abuse occurring on at least the twenty-ninth day after the day of another act of sexual abuse, *see Lawson*, 2018 WL 1192478, at \*4; *see also* Tex. Penal Code Ann. § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.").  Thus, the evidence—when viewed in the light most favorable to the verdict—is sufficient to support Norris's convictions.  *See* Tex. Code Crim. Proc. Ann. art. 38.07; Tex. Penal Code Ann. §§ 21.02(b); 22.011(a)(2); *see also Lawson*, 2018 WL 1192478, at \*5 (relying on testimony associating the abuse with school years, seasons, and holidays to hold the evidence sufficient to support continuous-sexual-abuse conviction despite lack of specific dates); *Michell v. State*, 381 S.W.3d 554, 561–

15

64 (Tex. App.—Eastland 2012, no pet.) (upholding continuous-sexual-abuse conviction based on proof tying the abuse to different school years, holidays, seasons, and homes that the child complainant lived in over time).

We overrule Norris's fourth issue.

### III. CONCLUSION

Having overruled all of Norris's issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 18, 2024